State *v.* McCann.

APPLETON, C. J.; WALTON, DICKERSON, and DANFORTH, JJ., concurred.

————◆————

STATE OF MAINE *vs.* OWEN McCANN.

*Intoxicating liquors — seizure of without a warrant — form of complaint. Evidence.*

Where an officer on the 30th of April, in accordance with R. S. c. 27, § 34, seized intoxicating liquors without a warrant, and kept them until May 2, following, and then made a complaint therein alleging that, on the 30th April, the liquors were unlawfully deposited and kept, etc. *Held,* that the complaint was for a past offense which was consummated on the 30th of April and was rightly described; and that the complaint should not allege that the liquors were still kept and deposited, etc.

At the trial of the respondent on such complaint, it is competent to ask the officer who made it, on what day he made the seizure, notwithstanding the constable had returned on the warrant that he made the seizure on the 2d of May.

ON EXCEPTIONS.

COMPLAINT for search and seizure, coming to this court by appeal from judgment of police court of Bangor.

So much of the complaint as is essential is of the following tenor:

" William P. Wingate, of Bangor, in said county, and competent to be a witness in civil suits, on the 2d day of May, A. D. 1870, in behalf of said State, on oath complains that he believes that on the 30th day of April, in said year, at said Bangor, intoxicating liquors were unlawfully deposited and kept by one Owen McCann, of Bangor," etc.

The constable's return on the warrant was dated May 2, 1870, and it recited that " by virtue of the within warrant I have entered the within-named premises, therein searched for intoxicating liquors, and found and seized," etc.

It appeared that the liquors were seized, without a warrant, on the 30th of April, 1870 ; and that the complaint and warrant were made May 2, following.

The complainant, called by the government, was asked by the county-attorney on what day he made the seizure. The defendant objected to the witness answering that they were seized on any other day than the one specified in the officer's return, viz., May 2. The presiding judge overruled the objection, and admitted the answer of the witness, which was that he seized them on April 30, 1870 ; and the defendant alleged exceptions.

*J. F. Rawson,* for the defendant, contended that the officer may, by leave of court, amend his return, but that the witness ought not to be allowed to contradict it. And that the complaint should state that the liquors were seized on April 30, and that at the date of the complaint, they were in the possession of the officer.

*T. B. Reed,* attorney-general for the State.

APPLETON, C. J. By c. 33, § 12, approved March 25, 1858, " no person shall deposit or have in his possession any intoxicating liquors, with intent to sell the same in this State, in violation of law, or with intent that the same shall be so sold by any person, or to aid or assist any person in such sale thereof."

By § 14, provision is made for the issuing warrants for the search and seizure of intoxicating liquors, unlawfully kept and deposited, and for the arrest " of the person so, as aforesaid, keeping said liquors," upon whom a prescribed penalty is imposed if found guilty.

By § 15, provision is made for enforcing a forfeiture of the liquors seized.

By c. 48, approved March 27, 1858, forms are given " which

shall be deemed sufficient in law, for all cases arising under the aforesaid act," c. 33. · It does not negative other forms, which may be appropriate and which set forth all the necessary facts to constitute the offense charged.

By c. 125, § 1, approved 11th March, 1870, only one person is necessary to make the complaint for a warrant of search and seizure instead of three as was required by c. 33, § 14, of the acts of 1858.

By § 2, " In all cases where now, by any of the provisions of said chapter (c. 33) or any acts additional thereto, or amendatory thereof, an officer is authorized to seize intoxicating liquors, or the vessels containing them, by virtue of a warrant therefor, he may seize the same without a warrant, and keep them in some safe place for a reasonable time until he can procure such warrant."

By this statute, no new or additional authority is given to search. It is only to seize. It is to seize what the officer may be enabled to seize, without the unreasonable searches prohibited by the constitution. The act, to this extent, is constitutional. *Jones* v. *Root*, 6 Gray, 435 ; *Mason* v. *Lothrop*, 7 Gray, 355.

The change of law created by the statute of 1870, c. 125, requires a corresponding change in the forms of the processes to be issued by virtue of its provisions and in connection with those of preceding statutes. Thus the complaint may be made by one instead of three. So, as the statute provides for a seizure without and before the issuing of a warrant, the statement in accordance with the facts is proper. The offense prohibited by the statute was consummated, if intoxicating liquors were unlawfully kept and deposited by the respondent on the 30th April. The allegation of the unlawful keeping on that day was in accordance with the fact. The complaint on 2d May was for a past offense consummated on 30th April and should not have alleged that the liquors were " still kept " and deposited on May 2d, when they had been previously seized and were then in the custody of an officer and not in that of the defendant. The words "and still are," were properly omitted in the complaint.

As the complaint alleged a past offense committed on 30th April, 1870, so the question proposed related to the time of its commission, and was proper. Neither the validity or the correctness of the return were then under consideration. The evidence was not offered to contradict the return, but to sustain the complaint on which the defendant was being tried.

The evidence does not show any unlawful search, nor indeed any search. It simply proves a seizure, which we are not to presume illegal, without evidence.   -            .

These are the only questions raised by the exceptions, and as to these, the rulings of the presiding justice were correct.

*Exceptions overruled.*

CUTTING, KENT, DICKERSON, and DANFORTH, JJ., concurred.