CHARLES L. GAY *vs.* GEORGE W. SOUTHWORTH & another.

In an action for attaching exempt household furniture, it is for the plaintiff to prove that enough property was not left to satisfy the requirements of law.

TORT for the breaking and entering of the plaintiff's dwelling-house in Lynn, and the taking and carrying away of a sofa and a table, the property of the plaintiff.

The defendants justified the entry and the taking of the goods by virtue of a writ of attachment in favor of the defendant Southworth, against the plaintiff, service of which was made by the other defendant, a deputy sheriff.

At the trial in the Superior Court, before *Lord*, J., the plaintiff contended that the sofa and the table were exempt from attachment, because without them household furniture to the amount exempt by law had not been left by the officer; and the defendants contended that the sofa and table were not exempt from attachment, because the plaintiff had other household furniture to an amount greater than was by law exempt from attachment, which was left by the officer at the time of the taking. Evidence was introduced at the trial by both parties as to what household furniture the plaintiff had, and its value at the time of the taking.

The defendants contended, and asked the court to instruct the jury, that the burden of proof was upon the plaintiff to satisfy the jury by a preponderance of testimony that the defendant officer, in making the attachment, did not leave other household furniture of the kind and to the value exempt by law from attachment. The court declined so to do, but instructed the jury that the burden of proof was upon the plaintiff, in the first instance, to show title to the property, and to show the trespass; but this being conceded, and the defendants justifying the taking under a

process against the plaintiff, it was incumbent upon them to sat-isfy the jury by a preponderance of testimony that the officer left, in making the attachment, other household furniture of the plaintiff, of the kind and to the value exempt from attachment.

The jury returned a verdict for the plaintiff, and the defend-ants alleged exceptions.

*A. F. L. Norris*, for the defendants.

*W. H. Niles*, for the plaintiff.

DEVENS, J.  It is a general principle of the law that all goods and chattels are subject to attachment for the debts of their owner, and after judgment to levy on execution.  *Buckingham* v. *Billings*, 13 Mass. 82.  *Remmington* v. *Cady*, 10 Conn. 44.  *Davenport* v. *Lacon*, 17 Conn. 278.  From motives of humanity to the debtor, that he may not be entirely deprived of the necessa-ries of life and the means of continuing to obtain a livelihood, certain exemptions have been made by which he has been enti-tled to hold certain domestic animals and certain small amounts of furniture, provisions, tools, &c.

When, therefore, a defendant, sued in trespass for taking goods proved to be those of the plaintiff, shows that he took them as an officer of the law, by virtue of a legal process against the plain-tiff and his goods, it is for the plaintiff to show that they were such goods as were exempt from attachment, and this because he seeks to except them from the operation of the general law.

This seems in some cases to have been assumed rather than de-cided.  *Gibson* v. *Jenney*, 15 Mass. 205.  *Danforth* v. *Woodward*, 10 Pick. 423.  *Wallace* v. *Bartlett*, 108 Mass. 52, 54.  *Sanborn* v. *Hamilton*, 18 Vt. 590.  *Towns* v. *Pratt*, 33 N. H. 345.  *Hughes* v. *Farrar*, 45 Maine, 72.  *Everett* v. *Herrin*, 46 Maine, 357. *Healy* v. *Bateman*, 2 R. I. 454.  There are, however, both in this and in other of the New England States, the general charac-ter of whose laws in reference to attachment on mesne process is essentially the same with our own, other cases in which the ques-tion has been more directly considered,

In *Clapp* v. *Thomas*, 5 Allen, 158, where corn had been at-tached, it was held that the burden of proof was on the plaintiff to show that it was procured and intended for use by him as pro-

visions for his family ; and that the maintenance of the action by him depended on that fact.

In *Howard* v. *Farr*, 18 N. H. 457, it was held, under a statute exempting one cow from attachment, that the action could not be maintained for taking on a writ of attachment the cow of the plaintiff, if it did not appear that it was his only cow.

In *Bourne* v. *Merritt*, 22 Vt. 429, which was an action for attaching furniture which the plaintiff contended was used by him in his family, the court say : " Neither can we assume that the articles of property sued for were exempt from attachment and execution on the ground that they were articles of household furniture belonging to the plaintiff, or used by him as such.    They are doubtless appropriate for such a use ; but *non constat* that they had ever been used for such purpose, or were intended by the plaintiff for such use ; " and further add, " If the plaintiff claimed that those goods were exempt from the operation of the general law subjecting property to attachment and execution, it was for him to show it."

The jury should therefore have been instructed that it was for the plaintiff to satisfy them that the officer, in making the attachment, had not left other household furniture such in kind and value as is exempt by law from attachment.

*Exceptions sustained.*