WELLS (JORDAN v.). See Case No. 7,525.

## Case No. 17,401.

### WELLS v. MAINE STEAMSHIP CO.

[4 Cliff. 228.] [1]

Circuit Court, D. Maine. April Term, 1874.

CARRIERS — LIABILITY FOR LIQUORS CONFISCATED UNDER STATE LAWS.

Packages of liquors, marked with the libellant's name, were shipped at New York, on one of the respondents' steamers, marked "Portsmouth, N. H., via Eastern R. R." While the goods were in the respondents' freight shed in Portland, Me., they were seized by a deputy sheriff as liquors kept, deposited, and intended for sale in violation of the state law. Seizure was made without process, but two days afterwards, complaint was made before the municipal judge of Portland, upon which the judge issued his warrant, under which the sheriff seized the liquors. The sheriff then filed a libel against the liquors, alleging that they were intended for sale in violation of the state law. After monition and service the liquors were declared forfeited, and were destroyed. Libel in the United States district court to recover the value of the liquors, on the ground that the respondents were liable as common carriers, notwithstanding the seizure and destruction. Held, that the seizure, forfeiture, and destruction of the liquors being made in conformity with the law of Maine, the libellant could not recover.

[Cited in The M. M. Chase, 37 Fed. 710.]

[Cited in Baltimore & O. R. Co. v. O'Donnell, 49 Ohio St. 489, 32 N. E. 480. Cited in brief in Hamburg-American Packet Co. v. Gattman, 127 Ill. 605, 20 N. E. 662.]

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

[Appeal from the district court of the United States for the district of Maine.]

Packages of liquors. the same as those described in the libel, and marked "John H. Wells, Portsmouth, N. H., via E. R. R.," meaning the Eastern Railroad, were, on the 17th of October, 1872, shipped at the port of New York, on board of one of the steamers of the respondents, plying between the port of shipment and the port of Portland, as evidenced by the receipt of the respondents, who it is admitted were common carriers, and the steamer arrived on the 19th of the same month, in safety, at her port of destination with the goods on board. The respondents safely landed the goods and deposited the same in their freight shed situated on the steamer's wharf. Safe arrival and deposit of the goods were clearly shown, but a deputy sheriff on the same day seized the same, and removed the liquors from the custody of the respondents, for the alleged cause that the liquors were kept and deposited and intended for sale in the state, in violation of law. Such seizure was made by the officer without process, but two days afterwards he made complaint on oath against the liquors, before the judge of the municipal court of the city, and it appeared that the judge issued his warrant against the same, by virtue of which the same officer, on the same day, seized the liquors and the vessels in which the liquors were contained. Due seizure of the liquors having been made under the warrant, the same officer, on the same day, filed a libel against the same, alleging the seizure of the liquors, that they were intended for sale within the state in violation of law, and prayed for a decree of forfeiture, according to the law in such cases made and provided. Pursuant to the libel, the municipal judge issued a monition to all persons interested in the liquors and vessels, therein described, returnable on the 31st of the same month. Service was duly made of the monition, and no person appearing to claim the liquors, the court, on the return day, entered a decree. by which it adjudged the liquors and vessels forfeited to the city, and ordered the officer to destroy the same. and the action of the officer shows that he destroyed the same on the same day. Destroyed, as the liquors and vessels were, of course they could not be delivered or forwarded as stipulated in the contract of shipment.

Payment for the value of the liquors being refused by the respondents, the owner of the same filed a libel in the district court of the United States for this district, to recover the amount, upon the ground that they, the respondents, were liable as common carriers for the value of the liquors, notwithstanding the seizure and destruction of the same under the state law. Process was issued and served, and respondents appeared and set up the defence of the seizure, condemnation, and destruction of the liquors, as more fully set up in the answer to the libel filed in the district court. Hearing was had, and the district court en-

tered a decree dismissing the libel [case unreported], from which decree the libellant appealed to this court. Full proof of the shipment, safe arrival at Portland, unlading and deposit of the liquors in the freight shed of the respondents, was introduced by the libellant, and equally satisfactory proof of the seizure, condemnation, and destruction of the liquors was introduced by the respondents. Responsive to that defence. the libellant submits the following propositions:—

1. That the receipt of the liquors so marked imports a contract by the respondents, as common carriers, to transport the liquors to Portland, and then to deliver the same to the Eastern Railroad for transportation to Portsmouth, and that their duty as such carriers was not fulfilled when the liquors arrived here, and were safely deposited in their freight shed.

2. That they were bound to deliver the liquors to the next carrier, according to the terms of bailment, unless prevented by the act of God or the public enemy, or by the act of the shipper, and that for the fulfilment of that contract, they were insurers in all events against every loss not arising from one or more of those excepted causes.

3. That a common carrier can in no case be excused for the non-delivery of the goods entrusted to him for transportation, by the fact that the same were taken from his possession by an officer of the law, unless it appear that process and seizure were legal.

4. That the seizure in this case was not legal, as the liquors were in transit to a neighboring state, where the libellant resided, and were not intended for sale here, where the seizure was made.

5. That the seizure having been made without warrant was illegal. even if the same were liable to seizure under due process of law.

6. That the liquors, having been deposited as stated, could not be seized without search, and that the act of search and seizure without due process was a plain violation of the constitution.

7. That the law under which the seizure was made. if construed to authorize search as well as seizure. was void.

8. That seizure without warrant was not valid in any case unless the liquors were intended for unlawful sale, which must be within the actual knowledge of the officer making the seizure.

9. That the fact that the officer subsequently obtained a warrant affords no justification if his original seizure was unlawful.

10. That the process obtained two days subsequent to the seizure did not authorize search and seizure; if it had been a search and seizure process, it would not afford a justification to the officer. as neither the complaint nor warrant contained a special designation of the place to be searched.

11. That the process subsequently obtained is insufficient to show that the municipal court had jurisdiction of the case.

12. That the libel against the liquors was fatally defective, and insufficient to authorize the decree of condemnation and the order for the destruction of the liquors.

13. That the decree of condemnation is defective and insufficient. .

14. That the original seizure of the liquors having been illegal. all the subsequent proceedings are null. as the court had no jurisdiction of the case.

15. That it was the duty of the respondents. in view of the circumstances, to have interfered and protected the property by preventing the seizure. defending the process, or suing the officer as a trespasser.

Strout & Gage, for libellant.

Nathan Webb, for respondent.

CLIFFORD, Circuit Justice. Courts of justice are reluctant to admit any exception to the rule of the common law, that common carriers are bound to deliver goods intrusted to their care for transportation from one port or place to another, according to the terms of shipment, unless prevented by the act of God, the public enemy, or by the act of the shipper. Common carriers. whether by land or water. contract in such case for safe custody. due transport, and right delivery of the merchandise, and the shipper, consignee, or owner of the goods contracts to pay the freight and charges as stipulated in the contract of shipment. There are reciprocal duties. and the law, in the absence of any repugnant or irreconcilable stipulation. creates reciprocal liens for their enforcement. The Eddy, 5 Wall. [72 U. S.] 494; The Bird of Paradise, Id. 558. Exceptions to the rule, that the carrier is bound in all events to fulfil the contract of shipment, do exist, as admitted by all the authorities, as where the loss of the goods or the failure to transport and deliver the same, arises from the act of the shipper, or from natural causes or irresistible force, over which the carrier has no control. and which could not be avoided by the watchful exertions of human skill and prudence. Niagara v. Cordes. 21 How. [62 U. S.] 24.

Such exceptions, it is admitted. exist. and the respondents contend that the carrier is also excused from liability for such failure to perform his contract if he is prevented from fulfilling the same by the law of the jurisdiction where the contract was to be performed. Different views are entertained by the appellant, and he insists that the carrier is the insurer of the goods entrusted to him for such a purpose, and that he is liable in all events, if he fails to fulfil the contract of shipment, unless he was prevented from so doing by the act of the shipper. or by the act of God. or the public enemy.

Before proceeding to discuss the propositions of law presented by the libellant, it may be well to refer to certain other matters of fact as necessary to a correct understanding of the rights of the parties. Due shipment of the liquors is admitted. and it appears that the

steamer, with the liquors on board, arrived here on Saturday, October 19, in the same year, and that the sheriff or his deputy seized the same on the same day, and also that the treasurer, on the Monday following, which was the next mail day, notified the libellant of the seizure, and advised him that if he wished to reclaim the merchandise he must apply to the sheriff. Other correspondence ensued between the same parties, which shows to the entire satisfaction of the court that the libellant was seasonably apprised of the legal proceedings for the forfeiture of the liquors, and that he has no just right to complain that the respondents were guilty of any negligence in affording him prompt information in that behalf. Separate examination of the several objections taken by the libellant to the defences of the respondents will not be attempted, as all those not founded on the charge of negligence, already shown to be groundless, may be condensed into three classes, which will cover the whole series of the other objections. They are as follows:—

1. That the obligation of the common carrier to keep safely, duly transport, and rightly deliver goods intrusted to his care, admits of no exception, unless he is prevented by the act of God, the public enemy, or by the act of the shipper.

2. That the municipal court had no jurisdiction either to enter the decree of condemnation or to order the liquors to be destroyed.

3. That the law of the state under which the proceedings took place, and under which the decree and order were entered, was unconstitutional and void.

Where the property is taken from the carrier by legal process, and the carrier gives due notice of the taking to the shipper, owner, or consignee, as the case may be, the respondents contend that he is discharged, and the decision of the supreme court in the case of Stiles v. Davis, 1 Black [66 U. S.] 101, appears to be an authority for the proposition. Clearly, it was decided in that case, that goods seized by a sheriff under an attachment, are in the custody of the law; that where goods are attached in the hands of a common carrier, to whom the goods have been delivered for transportation, the carrier is not justified in giving them up to the consignee while the proceeding in the attachment is pending, and that that rule holds good even where the merchandise is attached for the debt of a third person, and in a suit to which the employer of the carrier is not a party, for the reason that the right of the sheriff to hold the merchandise is a question of law, to be determined by the court having jurisdiction of the attachment suit, and not by the will of the carrier or his employer, and that the remedy of the consignee, if he can show title in himself, is not against the carrier but against the officer who has wrongfully seized the goods, or against the plaintiff in the attachment suit, if he directed the seizure.

Different views, in one or two respects, are expressed by the supreme court of Massachusetts in the case of Edwards v. White Line Transit Co., 104 Mass. 159, and that court decided in that case that it is no defence to an action against a common carrier for a breach of his contract to deliver goods that they were taken from him by an officer under an attachment against a person who was not the owner of the goods attached; but the court admit in the same case that the rule would be otherwise if the goods had been the subject of proceedings in rem, or the attachment had been against the person who was the true owner of the goods. Unquestionably, the case before the court comes within the first branch of the admission by that court, and, therefore, that decision is an authority in opposition to the views of the libellant, as expressed in the first class of his propositions, as the liquors in this were the subject of proceedings in rem, and, by the very terms of the admission, remained in the custody of the law from the time they were seized to the time when the order that they should be destroyed was executed.

Support to the rule, as modified by the decision of the supreme court of Massachusetts, is found in several English cases, and in the works of text-writers of high authority, to a few of which reference will be made. Barker v. Hodgson, 3 Maule & S. 270; Wynn v. Canal Co., 5 Welsb., H. & G. 440; Verrall v. Robinson, 2 Cromp., M. & R. 496; Davis v. Cary, 15 Adol. & E. (N. S.) 425; Chit. Carr. 276; Anglesea v. Rugeley, 6 Adol. & E. (N. S.) 114; Abb. Shipp. (5th Am. Ed.) 705.

Qualified as stated, the rule finds abundant support in the aforementioned cases, and the broader rule, as laid down by the supreme court in the case of Stiles v. Davis, also finds unequivocal confirmation, if any it needs, from very high authority. Bliven v. Hudson River R. Co., 35 Barb. 191.

It was decided in that case that it is a defence to a common carrier, for the neglect to deliver the goods intrusted to him for transportation, that the goods were taken from his custody by the authority of the law, exercised through regular and valid proceedings, that the bailee in such a case must be able to show to the court that the proceedings were regular and valid, but that he is not bound to litigate for his bailor, or to show that the judgment or decision of the tribunal issuing the process or seizing the goods, was correct in law or fact. Subsequently the case was removed to the court of appeals, where the judgment of the supreme court was affirmed, the court holding unanimously that when property is taken from a common carrier by legal process, and he gives notice thereof, he is discharged from all obligation to deliver the same to the shipper, owner, or consignee. Regular notice of the seizure was given in this case by the respondents, and I am of the opinion that they are discharged from any obligation to deliver the liquors to the next carrier or to the libellant, whether the rule laid down by the supreme

court of the United States is applied to the case, or the modified rule as assumed by the supreme court of Massachusetts, unless it can be shown that the municipal court had no jurisdiction of the case, or that the act of the legislature under which the seizure and condemnation took place was unconstitutional and void. Bliven v. Hudson River R. Co., 36 N. Y. 407.

Prosecutions against persons for manufacturing liquors in violation of law, or for keeping drinking-houses and tippling-shops, or for being common sellers of intoxicating liquors, must be by indictment; but the express provision of the state statute applicable to the case is, that in all other prosecutions under the statute, judges of municipal and police courts and trial justices shall have jurisdiction by complaint, original and concurrent with the supreme judicial court. Rev. St. 1871, p. 307.

Intoxicating liquors, kept and deposited in the state, intended for unlawful sale therein, and the vessels in which they are contained, are declared contraband, and forfeited, by the law of the state, to the cities, towns, and plantations in which they are so kept, at the time when they are seized by virtue of that statute. Rev. St. 1871, p. 304.

Such liquors, it is admitted, may be seized under a warrant duly issued by competent authority.

Seizure under a legal warrant being admitted to be lawful, it follows that seizure in the like case may be made without warrant, as the same section of the statute provides that in all cases where an officer under that statute is authorized to seize intoxicating liquors or the vessels containing the same, by virtue of a warrant therefor, he may seize the same without a warrant, and keep the liquors in some safe place for a reasonable time until he can procure such a warrant. Rev. St. 1871, p. 304.

Unquestionably the liquors in this case were seized in the first place under that provision, nor is there any reason for doubt that a warrant was obtained in a reasonable time, nor that the liquors in the mean time were safely kept in some proper place. When liquors and vessels are so seized, it becomes the duty of the officer immediately to libel the liquors and vessels, and to file the libel with the magistrate before whom the warrant is returnable, setting forth their seizure, and describing the liquors and their place of seizure, and that they were deposited, kept, and intended for sale within the state, in violation of law, and pray for a decree of forfeiture. All these requirements were strictly fulfilled, and it appears that the magistrate, as required by law, fixed a time for the hearing, and issued a monition and notice of the libel to all persons, citing them to appear at the time and place appointed, and show cause why the liquors and the vessels should not be declared forfeited. Due notice was given, and no one appearing as claimant, the decree of forfeiture was entered, and the order passed that the liquors and vessels should be destroyed. By the terms

of the statute it is provided that if no claimant shall appear, such magistrate shall, on proof of notice, declare the same forfeited to the city, town, or plantation in which they were seized. Viewed in the light of these proceedings, it is clear that the magistrate had full jurisdiction of the case, and the statute further provides that liquors so seized, and the vessels containing them, shall not be taken from the custody of the officer by a writ of replevin or other process while the proceedings herein provided for are pending, and that final judgment in the proceedings shall in all cases be a bar to all suits for the recovery of any liquors seized, or the value of the same, or for damages alleged to arise by reason of the seizure and detention of the liquors. Rev. St. 1871, p. 307.

3. Enough has already been remarked to show that the theory of the libellant cannot be sustained, unless it can be held that the statute of the state under which the seizure, condemnation, and destruction of the liquors took place, is unconstitutional and void. Much discussion of that topic cannot be required, as the negative of the proposition has been decided by the supreme court of the state, and by the supreme judicial court of Massachusetts. State v. McCann, 59 Me. 383; State v. Miller, 48 Me. 581; Jones v. Root, 6 Gray, 435; Mason v. Lothrop, 7 Gray, 355.

Attempt is made to distinguish the case before the court from the cases cited, upon the ground that the officer, in making the original seizure, searched the premises where the liquors and the vessels were deposited by the carrier; but it is a sufficient answer to that suggestion, that the record contains no evidence whatever to support the theory. Unsupported by evidence, as the theory is, the suggestion may well be dismissed without further remark. Three counter suggestions are made by the respondents, which are entitled to weight, and which, under different circumstances, would receive much more consideration.

1. That the decree being a decree in rem against the liquors and vessels, is, in view of the statute of the state, a complete bar to the whole claim of the libellant for damages for the non-delivery of the goods.

2. That the decree in rem having established the allegation that the liquors were deposited in the state, and intended for sale in violation of law, it follows that the carriers were prevented from fulfilling the contract of shipment by the act of the shipper, owner, or consignee.

3. That the contract of the common carrier is always subject to the implied condition that he may lawfully comply with its terms, and that if its performance subsequently becomes unlawful without his fault, that he is not required to violate the law of the jurisdiction to complete his undertaking. Atkinson v. Ritchie, 10 East, 534; Story, Bailm. § 120; Edson v. Weston, 7 Cow. 278; Bradstreet v. Heron [Case No. 1,792]; Touteng v. Hubbard, 3 Bos. & P. 301; Morgan v. Insurance Co., 4 Dall. [4 U. S.] 455.

Much weight is certainly due to these several propositions, but having come to the conclusion to rest decision of the case upon the prior grounds mentioned, it is not necessary to express any decided opinion upon those propositions.

Decree affirmed with costs.