WILLIAM L. FRENCH & others *vs.* STAR UNION TRANSPORTATION COMPANY.

Suffolk.    Jan. 29. — Feb. 10, 1883.    FIELD & W. ALLEN, JJ., absent.

A common carrier is not liable in trover to the consignor, for surrendering the possession of goods, entrusted to him for carriage, to an officer, who attaches them upon legal process against the consignee.

A common carrier, who surrenders the possession of goods, entrusted to him for carriage, to an officer, who attaches them upon legal process against the consignee, is not liable to an action by the consignor, after notice by him to hold the goods, for not notifying the officer or taking steps to stop the goods *in transitu.*

TORT.    The first count alleged that the plaintiffs, on April 6, 1881, delivered to the defendant, a transportation company carrying goods for hire, three cases of shoes, to be carried from Boston to Covington, Kentucky; and that the defendant, before delivering said cases to the consignees, converted the same to its own use.    The second count alleged the delivery to the defendant, as in the first count, and further alleged that the plaintiffs, having learned of the insolvency of the consignees, notified the defendant, on May 4, 1881, and before the cases of shoes came into the possession of the consignees, not to deliver them; but the defendant neglected to hold them for the plaintiffs, and delivered them to the consignees, whereby the plaintiffs lost their lien.    Answer: 1. A general denial.    2. That the cases

were attached as the property of the consignees, after their arrival and before the defendant was notified not to deliver them, and were taken from the possession of the defendant.

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, on agreed facts, in substance as follows:

The plaintiffs are copartners residing in Haverhill, Massachusetts. The defendant is a common carrier between Boston, Massachusetts, and other places, including Cincinnati, Ohio. On April 26, 1881, the plaintiffs delivered to the defendant at Boston certain goods sold, marked and consigned to Sayers Brothers, Covington, Kentucky, for transportation to Cincinnati, Ohio. Cincinnati and Covington are situated on opposite shores of the Ohio River, and goods consigned to Covington are transported by the defendant to Cincinnati, and no farther, and are there delivered to the consignees. The defendant transported said goods to Cincinnati, where in due course they arrived on May 2, 1881, and were placed in the defendant's warehouse ready for delivery to the consignees, and on the next day, May 3, at 10 A. M., they were attached as the property of the consignees, by a duly qualified officer, upon and by virtue of a writ issued by a court of competent jurisdiction, in favor of certain creditors of said consignees, and were taken away by the officer from the possession of said defendant, and were retained by him until May 7, 1881, when the last-mentioned suit was settled, and the goods were delivered up to the consignees by the officer. The freight charges on the goods were paid by the officer to the defendant at the time of the attachment.

On May 4, 1881, a message was telegraphed from Haverhill to the defendant's agent at Boston, directing him to hold the goods delivered on April 26, which message was received at the agent's office, in his absence, at 3 P. M., and by said agent at about 4 P. M., who forwarded the message in the cars to the defendant's agent at New York, who in turn forwarded the message to the defendant's agent at Pittsburg, Pennsylvania, and it reached him on May 6, 1881.

It was also agreed that the pleadings were sufficient to raise the questions of law presented by the foregoing facts, and that if, upon said facts, the plaintiffs were entitled to recover, they

should have judgment for $154.80, with interest from the date of the writ; otherwise, judgment for the defendant.

*T. B. King*, for the plaintiffs.

*W. S. Stearns*, for the defendant.

MORTON, C. J.   We see no principle upon which the plain‧ tiffs can maintain this or any action upon the facts agreed. The defendant received the goods of the plaintiffs, and by its bill of lading agreed to transport them to Cincinnati and to deliver them to the consignees.   It did transport the goods safely to Cincinnati, where they arrived on May 2, 1881, and were placed in the defendant's warehouse ready for delivery.   On the next day, May 3, they were attached as the property of the consignees in a suit against them, by an officer, who took possession of them and retained them until May 7, when, the suit having been settled, he delivered them to the consignees.   The defendant is not liable on its contract of carriage, because it has performed it.   It is not liable in trover for the conversion of the goods, because the surrender of the possession to an officer, attaching them upon legal process against the consignees, was not tortious on the part of the carrier, so as to make it liable for converting them to its own use.   *Stiles* v. *Davis*, 1 Black, 101.   *Edwards* v. *White Line Transit Co.* 104 Mass. 159.

The plaintiffs contend that the defendant is liable, under the second count of the declaration, for negligence in permitting the attaching officer to deliver the goods to the consignees.   It appears that, on May 4, some one on behalf of the plaintiffs telegraphed to the defendant's agent in Boston to hold the goods.   This was after the goods had been taken from the defendant by the attaching officer.   The plaintiffs' argument is, that, upon receiving this message, it was the duty of the defendant to telegraph to its agent in Cincinnati, and to notify the officer, and thus, on behalf of the plaintiffs, stop the goods *in transitu*.   It does not distinctly appear that the plaintiffs had any right of stoppage *in transitu;* but, if we assume that they had, and also assume that they might exercise this right while the goods were in the hands of the officer, they had no right to impose upon the defendant, without its consent, the active duty of notifying the officer, or of taking any other steps to stop the

goods *in transitu*. If the plaintiffs lost anything, it was from their own want of diligence in taking the proper steps to assert their right of stoppage *in transitu*, and not from the neglect of the defendant to perform any duty it owed to the plaintiffs.

*Judgment for the defendant affirmed.*