## In re TURNBULL.

(District Court, D. Massachusetts. February 20, 1901.)

1. BANKRUPTCY—EXEMPTIONS.

   The burden of showing that an article alleged to be exempt is within the provisions of the statute rests on the bankrupt.

2. SAME—WATCH.

   A watch is not "necessary wearing apparel," within Pub. St. Mass. c. 171, § 34, and exempt from execution.

**3. SAME.**

> Without proof that a watch belonging to a bankrupt is necessary to him in his trade as plumber, it is not exempt, under Pub. St. Mass. c. 171, § 34, cl. 5, as "the tools, implements, and fixtures necessary for carrying on his trade or business."

In Bankruptcy.

Hooper & Flint, for bankrupt.

LOWELL, District Judge. Upon the facts stated in the referee's certificate, it is clear that this court cannot say that he was in error. The burden of showing that an article alleged to be exempt is within the provisions of the statute rests upon the bankrupt. Gay v. Southworth, 113 Mass. 333. It is not contended that a bankrupt can hold as exempt a watch of any imaginable value, however great, and there is nothing in the report of the referee to show what is the value of the watch in question. From statements made by counsel, however, the court is led to believe that the omission to find the approximate value of the watch was accidental, and that its real value may be but small. The case should not, therefore, be decided upon the consideration just stated. The Public Statutes of Massachusetts, c. 171, § 34, cls. 1, 5, exempt from execution "the necessary wearing apparel" of the bankrupt, and "the tools, implements and fixtures necessary for carrying on his trade or business." By section 6 of the bankrupt act, bankrupts are allowed "the exemptions which are prescribed by the state laws," and so, under the act, the articles above mentioned are allowed to the bankrupt. This court has to interpret the provisions of a state law, and is bound to adopt the interpretation put thereon by the state courts. Unfortunately, the courts of Massachusetts have not definitely interpreted the statute of the state, and there is the utmost confusion in the constructions put by the courts of other states upon provisions more or less similar to those of the Public Statutes of Massachusetts. There is no prevailing consensus of opinion that a watch either is or is not "wearing apparel," or is or is not "necessary" to a debtor. In Mack v. Parks, 8 Gray, 517, it was determined that a watch upon a debtor's person was not liable to attachment "according to the principles of the common law as adopted and practiced in Massachusetts." Somewhat incidentally, Mr. Justice Bigelow observed in the course of his opinion that the watch was "retained as part of his dress or apparel," and that it was "liable to attachment if it had been taken by the defendant when not connected with the person of the plaintiff." These statements, both made obiter, do not convince me beyond a doubt that the supreme court of Massachusetts would now consider itself bound by them to hold either that a watch is wearing apparel or that it is not necessary wearing apparel; but, as the statement last quoted has stood unchallenged upon the books for more than 40 years, its authority in determining the construction to be placed upon the statute, though perhaps not of the weightiest, is yet sufficient to turn the scale when that scale is otherwise pretty evenly balanced. Upon the whole, too, a watch does not seem to me included within the natural meaning of the words "necessary wearing apparel." I hold, therefore, that a watch is not ex-

empt, under the bankrupt act, as "the necessary wearing apparel" of the bankrupt.

In his argument in this court, as in that before the referee, the bankrupt's counsel relied chiefly upon the first clause of section 34. In his petition in bankruptcy the petitioner stated that he was a plumber, but there was no evidence how he followed his trade, or how his watch was necessary to him therein. As was said above, the burden of proof is upon the bankrupt, and the fact that he is a plumber does not of itself establish that he needs a watch in his trade. To carry on some kinds of trade or business a watch may be reasonably necessary, and so it may be exempt. That this is so deprives of most of its weight the argument of hardship which was urged against the construction just placed upon the first clause of section 34. The referee recognized that in some cases a watch might be exempt under the fifth clause, but his certificate states that the bankrupt introduced no evidence to bring himself within its terms. Indeed, I gather from the carefully prepared briefs filed by the bankrupt's counsel in this case that he did not seriously contest the decision of the referee regarding the fifth clause. Judgment affirmed.