J. TIMOTHY CLIFFORD *vs.* BROCKTON TRANSPORTATION COMPANY.

Plymouth.    March 19, 1913. — May 21, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Attachment.    Carrier,* Of goods.

Goods in transit may be attached in the hands of a common carrier on a writ of summons and attachment upon payment of the carrier's charges.

CONTRACT for an alleged breach of a contract whereby the plaintiff " bailed with the defendant for hire certain shoes." Writ in the Police Court of Brockton dated November 1, 1909.

On appeal to the Superior Court the case was heard upon an agreed statement of facts by *King,* J., who found " *pro forma* " for the defendant and reported the case for determination by this court under the following agreement: " If an attachment of personal property can be lawfully made by an officer serving a writ of summons and attachment (instead of a trustee writ), while such property is actually in the course of transit in the hands of a common carrier, the defendant in said writ being

the owner of said property and the consignee thereof, then judgment is to be entered for the plaintiff in the sum of $89 and costs.   If such attachment, in order to be valid, must be made by trustee process (instead of by a writ of summons and attachment) then judgment is to be entered for the defendant with costs."

The material facts are stated in the opinion.

The case was submitted on briefs.

*W. G. Rowe*, for the plaintiff.

*W. F. Kane*, for the defendant.

DE COURCY, J.   The plaintiff, a constable, by virtue of a writ of summons and attachment which ran in favor of one Freedman and against one Bernstein, attached two cases of shoes while they were in transit in the hands of the defendant, a common carrier. Bernstein was the consignee and owner of the shoes at the time. Before making the attachment the plaintiff paid the transportation charges, and afterwards bailed the shoes with the defendant. Later, judgment in favor of Freedman was entered in the action against Bernstein, and was in no part satisfied; whereupon the plaintiff duly demanded the shoes from the defendant and was ready and willing to pay compensation for the bailment.   The shoes were not produced, and this action is brought to recover their value.

On the foregoing agreed facts the sole question of law raised by the defendant is whether the attachment of goods while they were actually in the course of transit in the hands of a common carrier, was invalid because it was made by a writ of summons and attachment instead of by trustee process.   As the terms of the report must be interpreted with reference to the facts before the court, it is by no means clear that this defense is open.   It appears that instead of contesting the plaintiff's right so to attach the goods the defendant yielded possession under the attachment and then accepted a bailment of them from the plaintiff.   However, as the parties have not discussed the question whether the defendant is estopped by its conduct from asserting the invalidity of the attachment, we prefer to decide the case on the issue that was argued.

It long has been the law in this Commonwealth that a common carrier having property in its possession in actual transit, may be

charged as trustee or garnishee, and the property thereby reached by the creditors of the owner or consignee. *Adams* v. *Scott,* 104 Mass. 164. *Rosenbush* v. *Bernheimer,* 211 Mass. 146. St. 1905, c. 324. Where a negotiable bill of lading is issued for the goods, see St. 1910, c. 214, § 24. But the attachment by trustee process is not exclusive. Where the goods are taken from the possession of the carrier by any valid legal process issued against the owner, the carrier is excused from further liability if he acts in good faith and without negligence in surrendering the goods. 6 Cyc. 462 and cases cited. In this case it had no lien for charges after they were paid by the plaintiff. As between the creditor and debtor, the parties in the writ in which the goods were attached, the general principle of the law is that all goods and chattels are subject to attachment, and, after judgment, to levy on execution for the debts of their owner. *Gay* v. *Southworth,* 113 Mass. 333. R. L. c. 167, § 38. Although our attention has not been called to any express decision in this State upon the right to make the attachment by a writ of summons and attachment while the goods are in the hands of a common carrier *in transitu,* it is apparent from the language of the court in many cases that such an attachment has been assumed to be valid. *Edwards* v. *White Line Transit Co.* 104 Mass. 159. *Kiff* v. *Old Colony & Newport Railway,* 117 Mass. 591. *French* v. *Star Union Transportation Co.* 134 Mass. 288. *Clegg* v. *Boston Storage Warehouse Co.* 149 Mass. 454. And this view has the support of authority elsewhere. *Stiles* v. *Davis & Barton,* 1 Black, 101. *Wells* v. *Maine Steamship Co.* 4 Cliff. 228. *Hett* v. *Boston & Maine Railroad,* 69 N. H. 139. *Burton* v. *Wilkinson,* 18 Vt. 186. *Pingree* v. *Detroit, Lansing & Northern Railroad,* 66 Mich. 143. *Santa Fe Pacific Railroad* v. *Bossut,* 10 N. M. 322. *Jewett* v. *Olsen,* 18 Ore. 419. *Savannah, Griffin & North Alabama Railroad* v. *Wilcox, Gibbs & Co.* 48 Ga. 432. *Bliven* v. *Hudson River Railroad,* 36 N. Y. 403. *Merz* v. *Chicago & Northwestern Railway,* 86 Minn. 33. *Ohio & Mississippi Railway* v. *Yohe,* 51 Ind. 181.

We are of opinion that the attachment by writ of summons and attachment was valid, and in accordance with the report judgment is to be entered for the plaintiff in the sum of $89 and costs.

*So ordered.*