## COURT OF APPEALS.

### March, 1922.

## THE PEOPLE v. PETER DIAMOND AND EMANUEL RITSOS.

### (233 N. Y. 130.)

(1) INTOXICATING LIQUORS—PROCEEDINGS ON SEIZURE OF LIQUOR BY PEACE OFFICER UNDER STATE PROHIBITION ENFORCEMENT ACT—DUE PROCESS OF LAW—CODE CRIMINAL PROCEDURE, § 8026, SUB. 6.

The proceedings when seizure of liquor is made without a warrant under subdivision 6 of section 802b of the Code of Criminal Procedure (added by chapter 156 of the Laws of 1921, State Prohibition Enforcement Act) should be harmonized so far as possible with proceedings when seizure is made with a warrant under subdivision 2 of section 802b, and it becomes the duty of the court to apply the provisions of that section so far as practicable.

(2) SAME—RETURN OF OFFICER MAKING SEIZURE—NOTICE TO SHOW CAUSE WHY LIQUOR SHOULD NOT BE FORFEITED—RETURN OF PROPERTY SEIZED FOR DELAY IN MAKING RETURN AND SERVING NOTICE TO SHOW CAUSE.

When the judge issues a warrant the statute provides that the notice to appear shall specify a place and a time "not more than twenty days after the issuance of said warrant and not less than ten days after the execution thereof." When liquor is seized without a warrant the regulation as to time after the issuance of the warrant is inapplicable. The officer making a seizure without a warrant must make his return to the judge with due diligence; the judge or justice must sign the notice within a reasonable time; the time specified therein for a hearing shall not be

less than ten days after the seizure of the liquor, which is the equivalent in time to the execution of the warrant; notice shall be given in the statutory manner with reasonable diligence. Notice to show cause why the liquor should not be forfeited is a judicial act and may not be given by officer making seizure before making his return. Temporary seizure of liquor awaiting judicial action is not prohibited by the Constitution, but such judicial action must be taken promptly. Unreasonable delay amounts to holding without due process of law. Unreasonable delay in making return or in signing and serving notice may result in the return of the liquors seized to the place to which or the person from whom they were taken on application made in the seizure action.

(3) SAME—PROCEEDINGS IN REM.

Proceedings in seizure cases are in the form of an action in the nature of a special proceeding *in rem* against the liquors seized and are improperly entitled in a criminal action against the defendant owner or possessor.

*People* v. *Diamond,* 199 App. Div. 497, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 13, 1922, which reversed an order of Special Term denying a motion for an order directing the property clerk of the police department of the city of New York to return forty-six barrels of wine and granted said motion.

*Joab H. Banton, District Attorney* (*Robert S. Johnstone* and *Peter L. F. Sabbatino,* of counsel), for appellant. The Appellate Division did not properly construe the statute with respect to notice in cases of seizure without warrant. (Code Crim. Pro. § 802b, subd. 2; Penal Law, art. 113; Clement v. Two Barrels of Whiskey, 136 App. Div. 291; Farley v. Sixteen Barrels of Champagne, 153 App. Div. 502; Matter of Stiller, 175 App. Div. 211; Matter of Clement, 66 Misc. Rep. 215; Coe v. Armour Fertilizer Works, 237 U. S. 413; U. S. v. Jin Fuey Moy, 241 U. S. 394; Matter of International Ry. Co. v. Pub. Serv. Comm., 226 N. Y. 474; People ex rel. Berger v. Warden, 176 App. Div. 603; Simon v. Craft, 182 U. S. 427; Rogers v. Peck, 199 U. S. 425; Louisville & Nashville R. R. Co. v. Schmidt, 177 U. S. 230; Frank v. Mangum, 237 U. S. 326; Holmes v. Conway, 241 U. S. 624.)

*Meyer Kraushaar* and *Emanuel Celler,* for respondent.    The failure of the authorities to give notice directing the owner and those claiming ownership in the liquor seized without a warrant within ten days after seizure, returnable within twenty days thereafter, deprives the authorities of all vestige of right to detain from the owner the liquor seized.    (Clement v. Rabbach, 62 Misc. Rep. 27; Farley v. Liquor Seized, 86 Misc. Rep. 32; People v. Fox, 202 N. Y. 616.)    The failure of the People to give notice to the owner of the liquor within twenty days after the seizure imperatively requires the court to direct the restoration thereof to the owner.    (Matter of Ingalls, 77 Misc. Rep. 447; Russo's Liquors, 189 App. Div. 109; State v. Therrien, 86 Me. 425; State v. Whalen, 85 Me. 469; Fisher v. McGirr, 1 Gray [Mass.], 1; State v. Spirituous Liquors, 68 N. H. 47; Jones v. Fuchs, 106 App. Div. 260.)

POUND, J.:

The question in this case is as to the proper procedure as to notice under Code of Criminal Procedure, section 802b, subdivision 6 (State Prohibition Enforcement Act, L. 1921, ch. 156) when liquor is seized without a warrant.    On June 23, 1921, no question of illegal search being involved (cf. Gouled v. U. S., 255 U. S. 298; Amos v. U. S., 255 U. S. 313), a seizure was made by a peace officer without a warrant of forty-four barrels filled with wine and two partly filled, the property of Emanuel Ritsos.    The officer's return was made to Special Term, Part II, of the Supreme Court, on June 29, 1921.    Peter Diamond, who was in charge of the premises when the wine was seized, was charged with violation of Penal Law, section 1216 (State Prohibition Law), but the charge against him was dismissed on the ground that Emanuel Ritsos was lawfully in possession of the wine under a permit issued by the Federal authorities.    The permit was not registered as provided in the State Prohibition Law (Penal Law, §§ 1212, 1215), but that —issue has never been properly tendered for trial in this pro-

ceeding. The only question before us is as to the regularity of the seizure. On August 12, 1921, Ritsos obtained an order to show cause why the property clerk of the police department, in whose custody the wine was placed, should not be required to restore the wine so seized. On September 6, 1921, over two months after the seizure, while the motion was pending, a notice signed by a justice of the Supreme Court was served on Ritsos on the same day, directing all persons to show cause at Special Term, Part II, on September 26, 1921, why the wine so seized should not be forfeited to the State. The two motions coming on to be heard at Special Term, it was held that Ritsos should file an answer and try out the issue as to his right to possession of the goods at Special Term for the trial of such issues. The Appellate Division, on appeal from the order denying the motion, said: " The papers are irregularly entitled in the criminal action, which was disposed of in the Magistrate's Court. This is a new civil proceeding brought in the Supreme Court, and should have been entitled as provided in section 802-b, subdivision 2, of the Code of Criminal Procedure. No point of this is made by the district attorney, who is desirous of having an interpretation of the statute."

It thereupon granted the motion and ordered the return of the liquors on the ground that it was the duty of the officer, at the time of making the seizure, to serve the statutory notice to show cause why the liquor should not be forfeited and that by reason of the failure to serve such a notice the seizure was illegal and the owner is entitled to have his property returned to him. While this court reaches the same conclusion on the merits as that of the Appellate Division, it does so by a different construction of the statute.

Section 802-b, subdivision 1, Code of Criminal Procedure (added L. 1921, ch. 156), declares that intoxicating liquors kept, stored or deposited in any place in this State in violation of the provisions of article 113 of the Penal Law, and the vessel in which such liquor is contained, are a nuisance, to be

forfeited to the State when seized by a peace officer of the State and forfeiture declared, in the manner provided in the section. Subdivision 2 deals with the seizure of liquors upon a warrant. So far as material to the consideration of this case, it provides:

" The warrant [issued upon a verified complaint by a judge] shall contain a notice directed generally to all persons claiming any right, title or interest in such liqquor or the vessels containing the same   *   *   *   to appear before the judge or justice issuing such warrant, at a place and at a time therein specified, not more than twenty days after the issuance of said warrant and not less than ten days after the execution thereof, and show cause why such liquor and the vessels containing the same should not be forfeited   *   *   *.   A copy of such warrant shall be delivered to the person so keeping such liquor, if he be present at the time of such seizure, and if he be not present, then to the person, if any, apparently in possession of such liquor or of the premises wherein the same are found, and another copy of such warrant shall be posted in a conspicuous place upon said premises   *   *   *.   At the time and place specified in the notice contained in such warrant, any person claiming any right, title or interest in the liquors seized under such warrant or in the vessels containing the same   *   *   *   may interpose an answer controverting the allegations of the complaint upon which such warrant was issued. If such answer is interposed, the issue thus framed shall be deemed an action pending in the court of the judge or justice who issued the warrant, *between the People of the State of New York and the liquors so seized and may be entitled in the name of the said State and against the liquor so seized,* adding for identification the name of the person or persons interposing such answer and claiming or defending the liquors so seized, and shall be tried in said court as other issues of fact are tried therein, and shall be entitled to the preference prescribed by law for an action brought by the People of the State."

Seizure by a peace officer without a warrant is authorized by

section 802-b, subdivision 6, which, so far as material to this case, provides:

" Whenever a peace officer shall find any person   *   *   * in the unlawful possession thereof " (of intoxicating liquor) " outside of his private dwelling, he may, without a warrant, seize any and all such intoxicating liquor and the vessels containing the same   *   *   *. *The officer shall make a return of his proceedings to a judge* who would be authorized to issue warrant for such a seizure, setting forth the grounds on which the seizure was made, *and such return shall be deemed to be a complaint for the purposes of this section; and the provisions of this section relating to proceedings for seizure pursuant to a warrant shall apply to such liquor, vessels and property."* Upon seizure in either case, the act provides a remedy by orderly process of law for the disposition of the intoxicating liquor seized.

This action—which might be more properly styled a special proceeding *in rem* against the liquor (Goldsmith-Grant Co. v. United States, 254 U. S. 505)—was begun when the officer made the return of his proceedings. The district attorney contends that Ritsos should have only the right to interpose an answer at the time and place specified in the notice.   The Code of Criminal Procedure, section 802-b, subdivision 3, provides that liquor so seized shall not be taken from the custody of the peace officer making seizure " by a writ of replevin or other process, while the proceeding or trial is pending."   But this application should be treated as a motion in the pending proceeding and an objection to the jurisdiction of the court over the property seized which may be made therein at any time.

The State Prohibition Enforcement Act provides that every seizure, whether with or without a warrant, gives rise to a justiciable question, which must be determined in a judicial proceeding before forfeiture can be enforced.   It is assumed that if the statute contemplated or authorized the forfeiture of the liquors without notice and an opportunity to be heard

being given to those claiming the right of possession, it would conflict with the " due process " clause of the Federal and State Constitutions, but the question before us is one of construction not of constitutionality. (Cf. State v. McCann, 59 Me. 383; State v. Le Clair, 86 Me. 522; State v. Bradley, 96 Me. 121; State v. Quinn, 116 So. Car. 174; State v. O'Neil, 58 Vt. 140.) The proceedings when seizure is made without a warrant should be harmonized so far as possible with proceedings when seizure is made with a warrant. It becomes the duty of the court to apply as far as practicable the provisions of the section relating to proceedings for seizure pursuant to a warrant. They may not be applied literally, but they may be applied practically. When seizure is made with a warrant, the filing of a complaint with a judge or justice of a court of record begins the proceeding. Thereupon a warrant, coupled with a notice to show cause is issued. When the seizure is made without a warrant the return shall be deemed to be the complaint. The judicial function is set in motion by the complaint or by the return as its equivalent. The issuance of the notice to show cause is a judicial act when the seizure is made with a warrant; no less should it be a judicial act when the return of the peace officer after seizure without a warrant is deemed to be the complaint. On the filing of the complaint the judge or justice issues the warrant and notice; on the filing of the return as a complaint the judge or justice issues the notice merely. The notice to show cause may not be given by the peace officer acting ministerially, because the statute provides, by analogy at least, that it shall be issued by the judge or justice. No constitutional objection arises to a temporary seizure without an accompanying notice. " The temporary seizure and holding of the property, awaiting judicial action, is not prohibited by the Constitution." (Cook v. Gregg, 46 N. Y. 439, 442.) The legislative intent is, however, that the officer making the seizure shall institute appropriate proceedings before the proper judicial officer so that claimants may have their day in court for the

hearing and determining of their property rights. A notice must, therefore, be issued and served as provided by statute.

When the judge issues the warrant the statute provides that the notice to appear shall specify a place and a time " *not more than twenty days after the issuance of said warrant* and *not less than ten days after the execution thereof.*" When the liquor is seized without a warrant the regulation as to time *after the issuance* of the warrant is inapplicable. It will be presumed that the officer making a seizure without a warrant will make his return with due diligence; that the judge or justice will sign the notice within a reasonable time; that the time specified therein shall be not less than ten days after the seizure of the liquor which is the equivalent in time to the execution of the warrant; that notice shall be given in the statutory manner with reasonable diligence.

The seizure in the case before us having been made on June twenty-third and the return having been made on June twenty-ninth, the justice should not have waited until September sixth before signing the notice. The time fixed in the notice was September twenty-sixth, over three months from the date of seizure. Temporary seizure pending judicial action implies prompt judicial action. Unreasonable delay in taking such action amounts to a seizure without due process and a delay of justice. Due process implies not merely an opportunity to be heard but also prompt notice given as provided by the statute and opportunity to be heard with reasonable promptness. If the judge might delay action for ten weeks after the return is made, he might delay action indefinitely. Considering the accumulation of business in the courts, a requirement of immediate action by the judge or justice might defeat the purposes of the act. The person in possession is, on the other hand, entitled to a reasonable opportunity to prepare for the hearing which is fixed by the statute at a period of not less than ten days after the seizure. Failure of the peace officer and the judge to act with reasonable diligence, when properly asserted

30

in the proceeding, must result in the return of the liquors seized to the place from which or the person from whom they were taken, although the seizure was in the first instance properly made.

If these requirements are consistently followed, no unnecessary hardship will result to the owner. No notice need be served on him when the liquor is seized. The statute makes no provision for such notice. Knowledge on his part of the judge to whom the return is to be made would serve no essential purpose if the seizure without notice is temporary. It will be implied that officials will do their duty and that the legislature will remedy any detail of the statute which may cause undue hardship.

The order appealed from should be affirmed, without costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN and CRANE, JJ., concur; ANDREWS, J., concurs in result.

Order affirmed.