# SUPREME COURT — APPELLATE DIVISION — FOURTH DEPARTMENT.

## October 18, 1922.

## MATTER OF A. M. GRAHAM.

### (203 App. Div. 172.)

INTOXICATING LIQUORS—ORDER OVERRULING OBJECTIONS MADE ON RETURN TO SEARCH WARRANT REVERSED AND LIQUOR ORDERED RETURNED—WARRANT DID NOT SUFFICIENTLY DESCRIBE PREMISES TO BE SEARCHED—ORDER APPEALABLE.

An order overruling objections made upon the return of a warrant for the search for intoxicating liquors by one whose liquor has been seized by virtue of said warrant should be reversed and the liquor ordered returned, where it appears that the premises directed to be searched are described in the warrant as "premises of one Berger, situated at the corner of Eighth and Wayne streets" in a certain city, while the house actually searched is situated in another block 500 feet distant from said corner, as such a description of the premises to be searched does not meet the requirements of sections 793-797 and 802b of the Code of Criminal Procedure.

Such an order is appealable.

APPEAL by Philip Berger from an order of the Supreme Court, made at the Cattaraugus Special Term and entered in the office of the clerk of the county of Cattaraugus on the 3d day of March, 1922, overruling appellant's objections made upon the return to a warrant for the search for intoxicating liquors.

*James P. Quigley,* for the appellant.

*Archibald M. Laidlaw, District Attorney,* for the respondent.

KRUSE, P. J.:

The sheriff of Cattaraugus county searched the appellant's house in the city of Olean and found a quantity of various kinds

of intoxicating liquors of which he took possession under a search warrant. Upon the return of the warrant appellant appeared and objected to the jurisdiction of the court and demanded a return of the liquor upon the ground that the premises searched were not the premises described in the warrant.

The premises directed to be searched are described in the warrant as "premises of one Berger, situate at the corner of Eighth and Wayne streets at the city of Olean," N. Y., while the house searched is located in another block on the corner of Eighth and Lincoln streets, 500 feet away from the corner of Wayne and Eighth streets, and known as 539 North Eighth street. The sheriff states in his opposing affidavit that there is a building upon each corner of Wayne and Eighth streets, one of which is a soft drink restaurant, and that there is no one living on Eighth street or in that vicinity named Berger to his knowledge other than the man whose premises were searched, but he does not state that Berger has no other premises there. The warrant does not direct the searching of any building and does not particularly describe the premises to be searched. Aside from the general statement that they are the premises of one Berger, there is nothing to indicate who owns or occupies the same or that they are occupied at all. We are of opinion that the warrant did not sufficiently describe the place to be searched to meet the requirements of law and authorize the sheriff to search the house of the appellant. The Fourth Amendment of the Federal Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

While this provision of the Federal Constitution does not apply to state courts (People v. McDonald, 177 App. Div. 806;

Barron v. Mayor & City Council of Baltimore, 32 U. S. [7 Pet.] 243; Twining v. New Jersey, 211 id. 78; People v. Adams, 176 N. Y. 351; Lloyd v. Dollison, 194 U. S. 445), the same provision is contained in section 8 of our Civil Rights Law and in the Code of Criminal Procedure (§§ 793–797). Section 802-b of the Code of Criminal Procedure (as added by Laws of 1921, chap. 156), known as the State Prohibition Enforcement Act, which applies to this proceeding and which was revised from section 33 of the Liquor Tax Law (as amd. by Laws of 1920, chap. 911; rep. by Laws of 1921, chap. 155, known as State Prohibition Act), requires the complaint to state the name of the person keeping, storing or depositing such liquor, and the name of the owner of the premises where the liquor is kept, stored or deposited, if known to the complainant, together with a description of such premises sufficient to identify the same.

We think the objection was properly raised, and that the order is appealable. (People v. Diamond, 233 N. Y. 130.)

The order should be reversed, and the objections sustained, and the liquor directed to be returned to appellant.

All concur.

Order reversed, without costs, and objections sustained, with directions that the intoxicating liquor be returned to the appellant.