THE PEOPLE OF THE STATE OF NEW YORK, Appellant,
*v.* 1400 PACKAGES CONTAINING SCOTCH WHISKY, etc.,
Respondent.

*Intoxicating liquors — seizure without a warrant — notice to show cause
why liquor should not be forfeited must be signed and served within
reasonable time — application for order directing return of liquor —
when allegations of ownership or possession are controverted moving
party must sustain claim by proof.*

1. When liquor is seized without a warrant under the provisions
of subdivision 6 of section 802-b of the Code of Criminal Procedure
the notice to show cause why the liquor should not be forfeited must
be signed and served within a reasonable time; otherwise upon an
application made in the seizure action the liquors must be returned
to the place from which or to the person from whom they were taken.
(*People* v. *Diamond,* 233 N. Y. 130, followed.)

2. Where, however, in a proceeding for the return of liquor so
seized bare allegations of ownership or of possession of the liquor
are controverted, the moving party must sustain his claim by proof.

*People* v. *1400 Packages Scotch Whisky,* 206 App. Div. 711,
reversed.

(Argued June 1, 1923; decided July 13, 1923.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
May 16, 1923, which reversed an order of the Queens
County Court denying a motion for an order directing
the property clerk of the police department of the city
of New York to return to John Aloise, claimant, the
intoxicating liquors and property seized by the police
officers from premises No. 157 Fulton avenue, Astoria,
Queens county, N. Y., without a warrant for search and
seizure, on November 11, 1922, and granted said motion.

*Dana Wallace, District Attorney (Joseph Lonardo* of
counsel), for appellant.

*Otho S. Bowling* and *Wallace E. J. Collins* for respondent.

*Per Curiam.* In *People* v. *Diamond* (233 N. Y. 130)
we held that when liquor was seized without a warrant
under the provisions of subdivision 6 of section 802-b
of the Code of Criminal Procedure the notice to show
cause why the liquor should not be forfeited must be
signed and served within a reasonable time; otherwise

upon an application made in the seizure action the liquors must be returned to the place from which or to the person from whom they were taken. In the present proceeding the Appellate Division has held upon evidence justifying the result that there was unreasonable delay in this respect. Obviously, however, a stranger may not apply to the court for a return of the liquor seized.

In the proceeding before us one John Aloise made an affidavit stating that the liquor in question was taken from premises occupied by him; that these premises were a private house; that liquors were stored in the cellar of such house and that the liquor was his lawful property. In opposition to the application for a return of the liquor an affidavit was presented denying these allegations.

Where in such a proceeding bare allegations of ownership or of possession of the liquor are controverted the moving party must sustain his claim by proof. Doubtless the judge hearing the motion may, in his discretion, determine the fact upon affidavits setting forth the facts or he may order a referee to take the evidence and report it to him with his opinion. Some proof there must be and the burden is upon the applicant to present it. Here there is none.

The order of the Appellate Division should be reversed and that of the Trial Term affirmed.

All concur; CARDOZO, J., in result.

Order reversed, etc.