### MARTHA MANNAN *vs.* CHARLES MERRITT.
### CHRISTIAN ROTHFUCHS *vs.* SAME.

An attaching officer or creditor cannot inquire into the validity of a sale by the debtor of articles which were exempt from attachment.

A debtor is entitled to hold, under all circumstances, exempt from attachment, (in addition to other articles specifically enumerated in Gen. Sts. c. 133, § 1, cl. 1,) household furniture, of the class considered necessary for himself and his family, not exceeding one hundred dollars in value; and an attaching officer or creditor cannot inquire whether or not in a particular case that amount of furniture is necessary or not.

In an action against a sheriff for an attachment of goods which were by law exempt from attachment, the plaintiff may put in evidence a demand upon the indemnifying creditor, for a restoration of them, and a refusal by him.

Two actions for the conversion of certain articles of furniture and other household articles and wearing apparel. The cases were tried together, before *Ames*, J., in the superior court.

It appeared that on the 22d of December 1863 the plaintiff Rothfuchs executed to the plaintiff Mannan, who was his sister-in-law, a bill of sale of certain of the articles of furniture. On the next day, these, together with nearly all the other personal effects of both of them, were packed upon a wagon to be transported to Boston, when they were all attached by the defendant, who was a deputy sheriff, upon a writ against Rothfuchs in favor of Wilder S. Thurston. Three days afterwards, the defendant selected out a portion of them, which he kept and sold upon the execution that was obtained in Thurston's suit, and restored a portion, which he said was the whole of the remainder.

Mannan was allowed, under objection, to testify to a demand made by her upon Thurston for a restoration of her wearing apparel and other articles, and his refusal to restore them. It subsequently appeared that he pointed out to the officer the property

to be attached, and was present at the time of the attachment, and that the officer acted under his directions and with the understanding that he should be indemnified by him.

The defendant contended that the sale of December 22d was fraudulent and void as against creditors, and that the furniture included in this bill of sale could not be claimed as exempt on the ground of its being necessary for Rothfuchs and his family. Both of the plaintiffs testified that the sale was made in good faith and for value, and that it was made because Rothfuchs was going into a smaller tenement and had no further need of it; and the defendant thereupon contended that upon this evi‧ dence the furniture sold could not be claimed as exempt from attachment. The judge ruled that if Rothfuchs had no more than one hundred dollars' worth of furniture, so that what he had was exempt from attachment, then the portion of it sold to Mannan was not liable to be attached on a writ against Rothfuchs, even if such sale would have been fraudulent and void as against creditors if it had been a conveyance of property not exempt from attachment; and that an officer, attaching household furniture of the kind and description testified to in this case, (being cheap chairs, tables, carpets, a bureau, light-stand, and articles of that kind,) was bound to leave at least one hundred dollars' worth with the debtor, and acted at his peril.

The jury returned a verdict for the plaintiff in each case, and the defendant alleged exceptions.

*S. B. Ives*, Jr., for the defendant.

*J. C. Perkins*, for the plaintiffs.

Dewey, J. A creditor cannot by an attachment impeach the validity of the sale by his debtor of articles which are exempt by law from attachment, upon the ground that such sale was fraudulent as to creditors. *Rayner* v. *Whicher*, 6 Allen, 292. The articles of household furniture here sold to Martha Mannan were strictly within that class. The case differs in that respect from that of *Stevenson* v. *White*, 5 Allen, 148, and *Nash* v. *Farrington*, 4 Allen, 157, where the court held that the arti‧ cles sold were not exempted articles, having never been appropriated specially to those uses or held for the particular

purposes required to entitle them to exemption from levy of execution.

We see no objection to the competency of the testimony of Mannan's conversation with Thurston, the attaching creditor, by whose particular direction this property was attached, and her demand that he should restore the property to her. 1 Greenl. Ev. § 180. *Bayley* v. *Bryant*, 24 Pick. 198.

None of the rulings excepted to seem to apply to the case of Rothfuchs, unless it be that in which the presiding judge instructed the jury that an officer attaching household furniture of the kind and description testified to in this case was bound to leave one hundred dollars' worth with the debtor. The case showed sufficiently the character of these articles of household furniture, and that they were within the class exempted from attachment. As these articles fall within the class of articles exempted by Gen. Sts. *c.* 133, § 32, the court properly instructed the jury that an officer attaching household furniture of the kind and description that this was shown to be was bound to leave at least the value of one hundred dollars with the debtor. There had been no request made to the debtor to select, but the officer seized and removed the same, and subsequently returned such articles as he thought proper, taking upon himself the whole responsibility. He thereby became chargeable to the plaintiff for so much of the same as was exempt by law from attachment. *Exceptions overruled.*