[S. F. No. 933. In Bank.—November 16, 1898.]

In the Matter of the Estate of JOHN B. HERBERT, an Insolvent Debtor.

INSOLVENCY—SETTING APART HOMESTEAD—EXCESSIVE VALUE.—The homestead created by the recorded declaration of an insolvent debtor should be dealt with in the same manner as that of a deceased person, and the court has no power to set apart a homestead claimed by the insolvent which is of a greater value than five thousand dollars; but it must either require a portion thereof to be set apart, if deemed practicable, or otherwise order a sale of the entire property, and direct that the proceeds be applied as provided in section 1476 of the Code of Civil Procedure.

ID.—STATUTORY CONSTRUCTION.—The insolvent act substantially declares that the probate procedure should be followed in case of a home-

stead exceeding five thousand dollars in value, though not expressly so providing; and section 1476 of the Code of Civil Procedure, which applies to homesteads created by declaration, made and recorded, though not expressly referred to in the insolvent act, is to be applied in setting apart the homestead created by the insolvent debtor in case of such excess in value.

ID.—ENCUMBRANCES UPON HOMESTEAD.—In fixing the valuation of the homestead premises of the insolvent, mortgage liens or other encumbrances of any character upon the premises, are immaterial, and are not to be considered as an element entering into the question.

APPEAL from an order of the Superior Court of Santa Clara County, setting apart a homestead to an insolvent debtor. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

James R. Lowe, and Charles Clark, for Appellant.

J. R. Welch, for Respondent.

GAROUTTE, J.—John B. Herbert, an insolvent debtor, applied to the court for an order setting apart a homestead, a declaration of homestead upon the property sought to be set apart having been duly made and recorded prior to the insolvency proceedings. Upon the hearing, the court found the value of the homestead property, both at the time that the declaration of homestead was filed and at the date of the hearing, to be ten thousand dollars, and that mortgage liens rested upon the property to the extent of five thousand five hundred dollars. Based upon these facts the court made an order setting apart the premises as a homestead. The assignee of the insolvent's estate now attacks the validity of this order upon the ground that the court had no power to set apart a homestead of the value of ten thousand dollars.

Section 64 of the Insolvent Act of 1890 provides: "It shall be the duty of the court . . . . to exempt and set apart for the use and benefit of said insolvent such real and personal property as is by law exempt from execution; and also a homestead in the manner as provided in section 1465 of the Code of Civil Procedure." Section 1465 authorizes the homestead selected, designated, and recorded to be set apart, and it is the duty of the

court to make the order when application is made, but this section is silent as to whether such homestead can be set aside if of greater value than five thousand dollars, and the Insolvent Act as well makes no provision for such a case.   Section 1476 of the Code of Civil Procedure provides, however, that if the homestead "as selected and recorded be returned in the inventory appraised at more than five thousand dollars, the appraisers must before they make return ascertain and appraise the value of the homestead at the time the same was selected, and, if such value exceeded five thousand dollars . . . . the appraisers must determine whether the premises can be divided without material injury"; if they can, they must proceed to admeasure and set apart a portion not to exceed in value five thousand dollars; otherwise provision is made for sale.

By virtue of the foregoing sections of the code, the homestead of the insolvent debtor should be dealt with exactly like that of a deceased person.   If Herbert had died, and this application had been made to the court in probate to set apart the homestead, the course to be followed is clearly outlined by these sections of the code; and under the authority of these sections the court would have had no power to set apart these premises as a homestead. But either should have required a portion thereof to be set apart, or, if such course had been deemed impracticable, then have ordered a sale of the entire property, with the direction that the proceeds be applied as provided in section 1476.   The Insolvent Act substantially declares that the probate procedure should be followed in a case presenting the facts here disclosed, and under such procedure the action of the trial court in this case was not justified.

It is contended upon the part of respondent that section 1476, *supra*, does not apply to homesteads created by declaration made and recorded.   This contention is unsound.   The section applies alone to such character of homesteads.   Again, the fact that mortgage liens amounting to five thousand five hundred dollars rested upon the homestead property was a matter wholly immaterial.   In fixing the valuation of the homestead premises liens or encumbrances of any character are not an element entering into the question.

For the foregoing reasons the order is reversed, and the trial

court directed to proceed in accordance with the views here expressed.

Temple, J., Henshaw, J., Van Fleet, J., and Harrison, J., concurred.

McFarland, J., dissented.