In re COLLER.

(District Court, D. Massachusetts. November 6, 1901.)

No. 4,939.

BANKRUPTCY—EXEMPTIONS—WATCH AS IMPLEMENT OF TRADE.

Under Pub. St. Mass. c. 171, § 34, cl. 5, which exempts to a debtor "the tools, implements, and fixtures necessary for carrying on his trade or business," a bankrupt who is a cabinet maker, and required in the ordinary course of his employment, when working outside the factory of his employer, to keep the time of himself and other workmen, is entitled to a watch as exempt; but such exemption will not be allowed beyond the amount required to purchase a watch which would be sufficient for the purposes of his trade, and any excess of value of the watch owned by him he will be required to surrender to his creditors.

In Bankruptcy. On review of decision of referee.

Alfred W. Putnam, pro se.

John J. Higgins, for bankrupt.

LOWELL, District Judge. The bankrupt in this case is a cabinet builder or maker, in the employ of the Derby Desk Company. In the usual and ordinary course of his employment, it is necessary for him, when working outside the factory, to keep a true account of the time spent by himself and other workmen in such outside work. He claims as exempt a watch worth $25, alleging that it is one of "the tools, implements, and fixtures necessary for carrying on his trade or business." Pub. St. Mass. c. 171, § 34, cl. 5. No evidence was introduced that the bankrupt is unable to keep or to ascertain time without the watch in question, but only that the watch is a convenient instrument for that purpose. The question thus presented was expressly left open in Re Turnbull (D. C.) 106 Fed. 667. Upon the whole, considering the general use of watches by most handicraftsmen in connection with their trade, I am inclined to think, though with considerable doubt, that the bankrupt is entitled to a watch. It is clear, however, that he is not entitled to it except as a tool or implement of his trade. Whatever value it may have for other purposes belongs to the creditors. Ten dollars will buy a watch suitable in all respects as a tool of the bankrupt's trade. If the trustee elects to take the watch, he must pay the bankrupt $10 to get a new one. Upon that payment, the judgment of the referee will be affirmed; otherwise reversed.