## CROSS *v.* COMMONS.

1. HOMESTEAD—EXEMPTION—VALUE—INDEBTEDNESS.

All mortgage or land contract encumbrances upon property must be deducted from the value of the property in determining whether the value of the homestead exceeds the amount of the exemption from execution provided by law (Const 1908, art 14, § 2; CL 1948, § 623.73).

2. SAME—VALUE—EXEMPTION—LAND CONTRACTS—PLEDGES.

Indebtedness due vendors under land contract and to pledgee of vendee's interest therein must be deducted from value of the property in determining bankrupt vendee's interest therein for purposes of exempting homestead (Const 1908, art 14, § 2; CL 1948, § 623.73).

3. SAME—BANKRUPTCY.

A bankrupt whose interest was admittedly less than the homestead exemption value had an absolute right to do with it as he saw fit (Const 1908, art 14, § 2; CL 1948, § 623.73).

4. BANKRUPTCY—PREFERENCE.

A creditor cannot be charged with having taken a preference by a transfer of a bankrupt debtor's property unless the latter's nonexempt property is thereby diminished.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  26 Am Jur, Homesteads §§ 42, 58, 59.
[1, 2]  Estate or interest in real property to which a homestead claim may attach. 89 ALR 511.
[3, 7]  6 Am Jur (Rev ed), Bankrupcty §§ 648, 655–658; 26 Am Jur, Homesteads §§ 10, 121, 122.
[4–7]  6 Am Jur (Rev ed), Bankruptcy §§ 655, 656, 1113.
[4–7]  Transfer or attempted transfer of exempt property by bankrupt as subjecting it to claim of trustee in bankruptcy. 161 ALR 1009.
[8]  6 Am Jur (Rev ed), Bankruptcy § 32.
[9]  6 Am Jur (Rev ed), Bankruptcy § 650; 26 Am Jur, Homesteads §§ 3, 14.

5. SAME—TRANSFER OF EXEMPT PROPERTY—PREFERENCE.

The transfer of a bankrupt's exempt property does not deplete the assets of his estate available for administration by the trustee in bankruptcy for the benefit of the general creditors, hence, cannot create a preference.

6. SAME—TRANSFER OF EXEMPT PROPERTY—FRAUD.

A bankrupt's transfer of his exempt property is not fraudulent as to his creditors so as to permit the trustee to recover it.

7. HOMESTEAD—BANKRUPTCY.

The homestead exemption is not a mere privilege, but an absolute right of which the bankrupt holder may make such disposition as he sees fit (Const 1908, art 14, § 2; CL 1948, § 623.73).

8. BANKRUPTCY—JURISDICTION—STATE COURTS.

Bankruptcy courts and State courts have concurrent jurisdiction and when the jurisdiction of the State court is invoked, the trustee has available to him the remedies conferred by the State laws (11 USCA, § 110e).

9. HOMESTEAD—EXEMPTION.

Homestead exemptions are governed by the law of the State.

Appeal from Muskegon; FitzGerald (Frank), J., presiding. Submitted April 8, 1953. (Docket No. 28, Calendar No. 45,763.) Decided June 8, 1953.

Bill by George H. Cross, trustee in bankruptcy of Robert D. Commons, against Robert D. Commons and others to recover claimed preferential payment. Decree for defendants. Plaintiff appeals. Affirmed.

*Harold H. Smedley* and *Robert J. Danhof,* for plaintiff.

*George D. Stribley,* for defendant Commons.

*J. Donald Murphy* and *Reber & Reber,* for defendants Jones and White.

BUTZEL, J. George D. Commons was purchasing the home in which he resided in the township of Laketon, county of Muskegon, State of Michigan, on land contract. From time to time he had borrowed sums of money from Mark Jones who, on November 10, 1950, loaned him an additional amount so as to make the aggregate owing $5,000, which amount Commons agreed to pay to Jones in 1 year, with interest at 6%. As security for the loan, Commons pledged his vendee's interest in the land contract to Jones. The debt became due on November 10, 1951. Commons was unable to pay and in lieu of foreclosure he assigned his equity in the property to Jones. At the time of the transfer there was $5,300 due Jones and $2,756.62 still owing to the vendors in the land contract, so that the total indebtedness was $8,056.62. It is conceded that the fair market value of the property was $10,000. Jones thereupon paid off the balance due the land contract vendors and transferred the premises to Charles O. White and Martha White, his wife, who sold the property for $10,000.

On November 23, 1951, an involuntary petition in bankruptcy was filed against Commons, and 6 days later he was adjudged a bankrupt. George H. Cross, as trustee in bankruptcy, brought the instant suit against Commons, Jones and wife, and White and wife, to recover the sum of $1,943.38, the difference between the $10,000 realized from the sale of the property and the sum of $5,300 due Jones and $2,756.38 due the vendors on the land contract. Plaintiff claims recovery on the theory that the transfer of Commons' equity in the property to Jones and wife and by them to White and wife was either a preference under the bankruptcy act or an unlawful, fraudulent conveyance, without consideration and in fraud of creditors. No consideration is shown to have been paid by White and wife to Jones and

wife. The record indicates that over $500 was paid out for taxes, repairs and improvements after Commons assigned the contract and prior to the sale to third parties. The trial judge did not deem it necessary to consider these additional amounts but based his opinion and decree on the ground that Commons owned a homestead interest in the property at the time he conveyed to Jones and, as his equity was of a value of less than $2,500, the amount of homestead interest exempt under the law,* such interest was immune from the claims of his creditors and his trustee in bankruptcy. He held that Commons had a right to do whatever he saw fit with his exempt property.

In our discussion we view the facts as found by the trial judge. He found that Commons was insolvent at the time he assigned the contract; that Jones and his wife knew of his financial condition, notwithstanding the fact that bankruptcy proceedings had not been begun; that the fair value of the property was $10,000; and that Commons' equity, after deducting the amount due Jones and the balance still owing the vendors on the contract, was $1,943.38 for the recovery of which amount only suit was brought.

In answer to one of the questions raised by plaintiff, we call attention to *Bartold* v. *Lewandowska,* 304 Mich 450, where we not only discussed the homestead right as being one safeguarded to property owners by Constitution and statute, but also the determination of the value of the homestead. For substantial reasons of public policy, as well as individual and family benefits, we definitely held that in determining whether the value of the homestead exceeded the amount of the exemption provided for by law, all mortgage encumbrances thereon must be deducted. We hold that all indebtedness due the

---

* Const 1908, art 14, § 2; CL 1948, § 623.73 (Stat Ann § 27.1572).— Reporter.

vendors on the land contract, as well as to the pledgee, must be deducted. The issue thus becomes simplified, and the only question remaining that requires discussion is whether Commons had a right to dispose of the homestead interest as he saw fit, or whether it would first have to be set off to him by the bankruptcy court before he had a right to it or could dispose of it. This is not a case where the amount of the equity exceeded the $2,500 homestead exemption. Under the circumstances, we hold that, it being conceded that the homestead interest of Commons is of a value of less than the statutory exemption of $2,500, Commons had the absolute right to do with it as he saw fit. On account of the multitude of decisions on the subject, we quote the rule as stated in 6 Am Jur (Rev ed), Bankruptcy, § 1051, as follows:

"In order for a transfer to constitute a preference, there must be a diminution of the estate of the debtor which is consequent upon a transfer to or for the benefit of a creditor. Unless the creditor takes by virtue of a disposition by the insolvent debtor of his property for the creditor's benefit, so that the estate of the debtor is thereby diminished, the creditor cannot be charged with receiving a preference by transfer."

In 6 Am Jur (Rev ed), Bankruptcy, § 1102, it is said that:

"Creditors cannot complain of transfers of exempt property. A transfer of such property, although made within 4 months of bankruptcy and made while the debtor is insolvent, does not deplete the assets available for administration by the trustee in bankruptcy for the benefit of the general creditors. Therefore, a transfer of exempt property cannot constitute a preference."

In 6 Am Jur (Rev ed), Bankruptcy, § 1113:

"Property as defined for the purpose of section 67(d) (11 USCA, § 107[d]; 11 FCA, § 107[d]) includes only nonexempt property of the bankrupt. There are a number of authorities holding that a transfer of exempt property, otherwise valid, is not fraudulent as to the bankrupt's creditors so as to permit the trustee in bankruptcy to recover it, apparently on the theory that, since the trustee acquires no title to exempt property under the bankruptcy act and such property does not constitute assets of the bankrupt, its transfer by the bankrupt is of no concern of the trustee or the bankrupt's creditors. Apparently this view is not changed by the amendment of section 6 of the act (11 USCA, § 24; 11 FCA, § 24) effected by the amendatory act of 1938, so as to prohibit an allowance of exemptions to the bankrupt out of property which he has transferred in fraud of his creditors."

To like effect see 8 CJS, Bankruptcy, § 228, p 816, and 7 CJ, Bankruptcy, §§ 265, 266, pp 164, 165. The bankruptcy act, section 6, as amended (11 USCA, § 24), provides as follows:

"This title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the 6 months immediately preceding the filing of the petition, or for a longer portion of such 6 months than in any other State. *Provided, however,* That no such allowance shall be made out of the property which a bankrupt transferred or concealed and which is recovered or the transfer of which is avoided under this act for the benefit of the estate, except that, where the voided transfer was made by way of security only and the property recovered is in excess of the amount secured thereby, such allowance may be made out of such excess."

These excerpts, as given, are based on many cases appearing in footnotes to the sections referred to.

The trial judge also based his opinion on *Kleinert* v. *Lefkowitz*, 271 Mich 79, wherein the history of the homestead exemption and the rights of the trustee in bankruptcy are carefully considered and where we said (p 91):

"The homestead exemption is not a mere privilege, but an absolute right. *Dye* v. *Mann*, 10 Mich 291; *McKee* v. *Wilcox*, 11 Mich 358 (83 Am Dec 743); *Riggs* v. *Sterling*, 60 Mich 643 (1 Am St Rep 554); *Eagle* v. *Smylie*, 126 Mich 612 (86 Am St Rep 562). One may do what he pleases with exempt property, *Farrand* v. *Caton*, 69 Mich 235, and creditors have no right to complain. *Anderson* v. *Odell*, 51 Mich 492. The holder being as free to dispose of it as if he had not been indebted at all. *Rhead* v. *Hounson*, 46 Mich 243.  *  *  *

"The homestead exemption did not pass to the trustee in bankruptcy. Defendants could do with it what they pleased. Creditors were not defrauded by reason of any dealings therewith. By the terms of the bankruptcy statute the bankruptcy courts and the State courts have concurrent jurisdiction.* Homestead exemptions are governed by the law of the State. The exemption involved is not necessarily the exemption of the bankrupt, but involves the right of his wife to claim a homestead exemption. The trustee in bankruptcy authorized by the referee to institute this suit invoked the jurisdiction of the State court, and in the courts of the State he has available to him the remedies conferred by the laws of the State. Defendants are entitled to the homestead rights in the real estate used and occupied by them as such."

Plaintiff contends that *Kleinert* v. *Lefkowitz, supra*, is based on different questions and facts, but the underlying principles therein stated are the

---

"* 30 Stat 800, § 70e," now 11 USCA, § 110(e).

same. The question has been repeatedly considered by the courts, and decisions to the same effect as the present one may be found in notes to 161 ALR 1009 *et seq.*

The decree of the lower court, dismissing the bill, is affirmed, with costs to defendants.

DETHMERS, C. J., and ADAMS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.