Submitted on briefs May 23, affirmed September 6, petition for
rehearing denied October 1, 1974

EVERETT, *Appellant, v.* PAPE′ BROS., INC. ET AL,
*Defendants,* HEATH ET AL, *Respondents.*

525 P2d 996

Edward M. Murphy, of Stults, Murphy & Anderson, Roseburg, for appellant.

John H. Horn, of Riddlesbarger, Pederson, Young & Horn, Eugene, for respondent Heath.

William C. Wolke, of Luoma, Kelley, Woodruff & Wolke, Roseburg, for respondent Industrial Supply Co.

HOWELL, J.

Plaintiff filed this suit to remove a cloud on the title to plaintiff's real property. The defendants were six creditors who held judgments against the plaintiff. Four defendants did not file appearances, and the other two defendants filed demurrers, alleging that the complaint did not state a cause of suit. The trial court sustained the demurrers, and a decree was entered dismissing the complaint. Plaintiff appeals.

Plaintiff's complaint alleged that plaintiff and his wife were owners of certain real property in Douglas County and that the property constituted plaintiff's homestead. The plaintiff was adjudicated a bankrupt, and the defendants were listed as creditors in the petition in bankruptcy and had knowledge of the bankruptcy proceeding. The complaint also alleged that plaintiff's property at the time of the bankruptcy had a value of $9,000 and was subject to a mortgage in the amount of $5,739, and that the mortgage antedated the various judgments. The complaint alleged also: "At the time the plaintiff was adjudicated a bank-

rupt, there was no excess value in said real property over the homestead exemption to which the lien of the aforesaid judgments could attach" and that the judgments constituted clouds on the title to plaintiff's real property.

The plaintiff states his position as follows:

"It is the plaintiff's position that the lien of prebankruptcy judgments can only attach to the excess value over the homestead exemption existing at the time of the bankruptcy and since the complaint alleges that there was no excess value the liens are clouds on the title and the complaint should not have been dismissed."

The homestead exemption statute, ORS 23.240, reads, in pertinent part:

"(1) A homestead shall be exempt from sale on execution from the lien of every judgment and from liability in any form for the debts of the owner to the amount in value of $7,500, except as otherwise provided by law. * * *"

Plaintiff contends that at the time he was discharged in bankruptcy, the property had a fair market value of $9,000, but that because it was encumbered with a mortgage of $5,739 there was no excess value in the real property over the homestead exemption to which the lien of the judgments could attach. Consequently, he asserts that the judgments are not liens on the property.

■ The usual rule is that in computing the value of property for the homestead exemption, encumbrances existing at the time the homestead is established are deducted from the value of the property in calculating value for purposes of the exemption.[1]

---

[1] Haskins, "Homestead Exemptions," **63 Harv L R 1289**, 1292 (1950); Lacy, "Homestead Exemptions—Oregon Law: Still More," **8 Will L J 327.**

In other words, the maximum homestead exemption will be measured against the value of the debtor's equity rather than against the value of the property. In the instant case, therefore, the mortgage of $5,739 is to be deducted from the alleged market value of $9,000, leaving $3,261 as plaintiff's equity which is within the $7,500 exemption allowed by the statute.

In *Fleischhauer v. Bilstad et al, Gray et ux,* 233 Or 578, 379 P2d 880 (1963), we held that a homestead is exempt from the lien of every judgment as well as exempt from sale on execution, and that the grantee of a homestead owner takes the property free of the lien of the judgment. The rule of *Fleischhauer* was, however, subsequently qualified in the later case of *Clawson v. Anderson,* 248 Or 347, 434 P2d 462 (1967), wherein it was held that the transfer of homestead property does not automatically destroy the lien of a judgment. The lien of a judgment cannot affect the transfer if the homestead falls within the statute as to quantity and value, but the lien will attach to any quantity and value in excess of the homestead allowance. *Clawson v. Anderson,* supra at 350.

This court has previously stated in *Shepard & Morse Lbr. Co. v. Clawson,* 259 Or 154, 486 P2d 542 (1971), that the value of the property is determined not at the time of the bankruptcy as in this case or at the time of transfer of the homestead in the case of a conveyance, but at the time judgment creditors secure an execution sale. In *Shepard & Morse* this court, speaking through Chief Justice O'CONNELL, explained the rationale of the rule as follows:

> "If the property purchased by plaintiff had not been claimed as a homestead, it would be clear that the judgment creditors could postpone the levy of

execution on their judgments and be entitled to have the amount realized at the execution sale applied toward the satisfaction of their judgments; the judgment creditors would not be limited to the value of the property at the time it was transferred by the debtor to his grantee.

"The same principle should be applied when the property transferred is homestead property. The judgment lien should attach to the extent that the value of the land exceeds the statutory amount of the homestead exemption whether that surplus amount existed at the time of the sale by the homestead owner or arose later as a result of an increase in the value of the land.

"If the land had remained in the ownership of the homestead claimant, any increase in the value of the land above the amount of the homestead exemption would be subject to sale on execution to apply on the judgment. There is no reason for any different rule merely because at the time the judgment creditor decides to enforce his judgment lien the land is held by a transferee of the homestead claimant. There is nothing in the language of our homestead exemption statutes which calls for a different result and we have been unable to think of any policy underlying the homestead exemption which would warrant a statutory interpretation limiting the judgment creditor's lien to the value of the land at the time of the sale by the homestead claimant." 259 Or at 157-58.

And, more recently, in *Smith v. Popham,* 266 Or 625, 513 P2d 1172 (1973), we concluded:

"* * * [T]he question is the amount by which the value of the property exceeds the exemption at the time it is sold on execution, and it is that amount which may be applied toward the satisfaction of the judgment." 266 Or at 638.

■ As far as plaintiff's adjudication of bankruptcy is concerned, the general rule is that the adjudication

has no effect on prior judgments and they remain liens on plaintiff's property, because the discharge in bankruptcy affects a debtor's personal obligations but it does not destroy liens against the debtor's property. Collier on Bankruptcy (14th ed) 1742.7 (3); *see also* 3 Remington on Bankruptcy 1908, § 1297 (1957 rev ed); *Bush v. Shepherd, Adm'r.,* 186 Or 105, 205 P2d 842 (1949), *overruled on other grounds* in *Fleischhauer v. Bilstad,* supra.

■ As the defendants' liens are still extant and the value of plaintiff's property cannot be determined until defendants initiate proceedings for an execution sale, the plaintiff is not entitled to have the judgments removed as clouds on the title to his property.[2]

Affirmed.

---

[2] It may be that payment by plaintiff of the mortgage on the homestead would inure to the benefit of the creditors and against the plaintiff. It could also be argued that the value of the homestead property should be determined at a time other than the execution sale. However, as we stated in Smith v. Popham, 266 Or 625, 640, 513 P2d 1172 (1973), this may be a matter for legislative consideration.