Judith Smith LEVIN, Appellant,

v.

Bradford S. MAURO, Appellee.

No. 76–538–T.

United States District Court,
D. Massachusetts.

Jan. 19, 1977.

James H. Barnhill, Bowditch & Lane, Worcester, Mass., for appellant.

Bradford S. Mauro, Tattan & Leonard, Worcester, Mass., for appellee.

## MEMORANDUM

TAURO, District Judge.

### I.

On March 2, 1976, the appellant, Judith Smith Levin, a domiciliary of Massachusetts, filed a voluntary petition in bankruptcy. In her Rule 108 statement and schedule, appellant listed a 1972 Volkswagen as exempt property under applicable federal and state law,[1] asserting that the car was necessary for her employment and personal transportation. The car had a fair market value of $1000, subject to a $350 security interest, leaving the appellant with a $650 equity.

---

1. Federal law merely incorporates existing state exemptions.

 11 U.S.C. § 24 provides in pertinent part: This title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months immediately preceding the filing of the peti-

tion, or for a larger portion of such six months than in any other State . . . ..
 Mass.Gen.Laws ch. 235, § 34 provides in pertinent part:
 The following property of the debtor shall be exempt from seizure on execution . . . ..
 Sixteenth, An automobile necessary for personal transportation or to secure or maintain employment, not exceeding seven hundred dollars in value.

The trustee's report requested by Bankruptcy Rule 403(b)[2] denied the exemption because the car's value exceeded the $700 limit set by Mass.Gen.Laws ch. 235, § 34.[3]

Upon objection to the trustee's denial, the Bankruptcy Judge heard argument on the issue. By order and memorandum he too denied the exemption. The matter is now before the district court on bankrupt's appeal. This court reverses the determination of the Bankruptcy Court and grants the exemption.

## II.

Federal law makes available to a bankrupt those exemptions allowed by the bankrupt's domicile.[4] Massachusetts law provides that there shall be an exemption for

[a]n automobile necessary for personal transportation or to secure or maintain employment, not exceeding seven hundred dollars in value.

Mass.Gen.Laws ch. 235, § 34, cl. 16. That appellant needs her car for personal and job-related purposes is not in dispute. The controlling issue here is whether her Volkswagen is a car "not exceeding seven hundred dollars in value."

Appellant argues that she qualifies for the exemption under two theories. First, the statute should be read as granting a seven hundred dollar setoff for investment in an automobile. Under this theory, while she would not be entitled to retain the subject car, since it has a gross value of one thousand dollars, she would be entitled to an exemption of $700 from her assets for investment in another car.

Appellant's alternate theory is that the statutory term "value" refers to the debtor's equity interest, arrived at by subtracting the amount of liens from gross value. Applying this test to appellant's situation her "value" in the car would be $650, an amount within statutory bounds.

The Bankruptcy Court refused to read the statutory exemption as supporting either of appellant's theories. While recognizing the rationale for the exemption to be "that a bankrupt, in today's society, might need to retain an inexpensive car" (June 15, 1976, Denial of Exemption, p. 3), the court concluded that that need should only be satisfied where a bankrupt owned a car, with a market value of less than seven hundred dollars, at the date of filing. The legislature was credited as the only institution capable of producing a contrary result.

## III.

The pivotal issue in this case is the interpretation to be given the statutory phrase "not exceeding seven hundred dollars in value." Ordinarily, this court would be bound by the Supreme Judicial Court's interpretation of the statutory phrase. *Eaton v. Boston Safe Deposit and Trust*, 240 U.S. 427, 36 S.Ct. 391, 60 L.Ed. 723 (1916). But there is no Massachusetts case interpreting the contested phrase, and similar cases in other jurisdictions do not offer any definitive guidance.[5]

If nothing else is clear, it is beyond serious dispute that the statutory phrase "not exceeding seven hundred dollars in value" is ambiguous on its face, at least with respect to the controlling issue in this case. Given this ambiguity, the court must look to traditional concepts of statutory construction in determining legislative

---

2. Fed.Bankr.Rule 403(b) provides in pertinent part:

   The trustee shall examine the bankrupt's claim for exemptions, set apart such as are lawfully claimed and allowable, and report to the court the items set apart, the amount or estimated value of each, and the exemptions claimed that are not allowable.

3. For text of that section see note 1, *supra*.

4. See note 1, *supra*.

5. Presented with similar statutes exempting cars up to a specified value, a federal court in California and a state court in Pennsylvania adopted differing constructions. *In re Fox*, 16 F.Supp. 320 (D.Cal.1936), the court held a California exemption applicable only to cars worth $100 or less. A setoff was not allowed. The Pennsylvania Superior Court, however, interpreted a $300 automotive exemption as establishing a setoff in *Maschke v. O'Brien*, 142 Pa.Super. 559, 17 A.2d 923 (1941).

intent. As the First Circuit Court of Appeals recently noted in *Massachusetts Financial Services, Inc. v. Securities Investor Protection Corporation,* 545 F.2d 754 (1st Cir., 1976), quoting *Araya v. McLelland,* 525 F.2d 1194, 1195–96 (5th Cir. 1976), a court may look to such concepts "when the literal words of the statute create ambiguity or lead to an unreasonable interpretation." One such concept is that bankruptcy exemptions should be construed liberally in favor of debtors. *Turner v. Bovee,* 92 F.2d 791 (9th Cir. 1937). It follows, therefore, that ambiguities in statutory exemptions, all else being equal, should be resolved in favor of the bankrupt. *See Wynn v. Board of Assessors of Boston,* 281 Mass. 245, 183 N.E. 528 (1932); *Pond v. Kimball,* 101 Mass. 105 (1869).

Given this rule of construction, the court is mindful that bankruptcy laws are intended to serve dual functions—distributing the liquidated estate among the creditors, and providing a fresh start to the debtor. Congress's decision to extend state exemptions to federal bankrupts demonstrates an intent to provide bankrupts with at least a modicum of resources by which to put their financial affairs in order, post-bankruptcy. Not merely a reflection of the necessities of economic recovery, exemptions are also a manifestation of "the belief that every person is entitled to retain free of charge a certain minimum of the necessaries of existence . . .." *In re Opinion of the Justices,* 324 Mass. 724, 732, 85 N.E.2d 222, 227 (1949).

■ The automobile exemption is a classic example of that belief, particularly in these times. The realities of modern day economic life often make an automobile a prerequisite to a bankrupt's financial recovery, especially in rural areas. Further, with the dynamics of this age, the automobile has become an integral component of every day life and can no longer be categorized as merely a luxury item. Of course, there are cars and there are cars, as was recognized by the legislature in setting the $700 exemption figure. Such a limitation manifests a legislative intention to ensure minimal access to transportation, but not at the undue expense of creditors. As the legislative history of Mass.Gen.Laws ch. 235, § 34, cl. 16 reveals, the purpose of the car exemption was "protection of judgment debtors and judgment creditors against an inability of the debtor to satisfy a judgment and maintain himself and his family." House No. 6203, Mass.Legis.Docs. (1975).[6]

Given this legislative purpose and design, the "setoff" theory advanced by appellant offers a reasonable approach to resolving the ambiguity of the statutory language. Under this approach a bankrupt would be entitled to withhold, in effect, $700 from his liquidated estate for an automobile. Appellee would have this court rule that those bankrupts who own a car worth less than $700 may keep it, while those who happen to own one worth a few dollars more are not entitled to any relief from the exemption. Such an approach is inconsistent with the manifest legislative purpose to give all bankrupts access to inexpensive automobile transportation. It is far more reasonable to interpret the exemption as allowing a debtor who owns a car under the limit to keep it. Conversely, a debtor owning a car in excess of the limit should be required to turn it over to the trustee for liquidation, but would be permitted to purchase another vehicle with $700 derived from liquidation proceeds. This court so holds.

## IV.

The fact that the Massachusetts legislature has specifically created setoffs in other areas[7] is a factor to be considered by the court. The traditional argument is, of course, that if the legislature wanted a setoff it knew how to write one. Such an argument is legitimate, but by no means

---

6. Amicus curiae, Massachusetts Law Reform Institute, strenuously argues, as the author and lobbyist for the bill that was to become clause 16, that the intent of the legislation was to create a setoff.

7. For example, Mass.Gen.Laws ch. 188, § 1 et *seq.,* explicitly adopts a setoff scheme with respect to homestead exemptions.

conclusive. Judicial recognition of a setoff procedure in a less than specific statutory scheme is by no means a departure from traditional concepts of statutory construction. For example, in *Mannan v. Merritt,* 93 Mass. (11 Allen) 582 (1866), the Supreme Judicial Court ruled that a setoff existed with respect to the exemption for furniture "not exceeding one hundred dollars in value, . . .." provided by Gen.Stats.1860, ch. 133, § 32. Similarly, Gen.Stats.1882, ch. 171, § 34, cl. 5, which provided a $100 exemption for tools was construed to permit a ten dollar setoff for a watch in *In re Coller,* 111 F. 503 (D.Mass.1901).

The order of the Bankruptcy Court is reversed. Appellant is to be given the benefit of a $700 exemption.[8] An order will issue.

---

8. In view of this court's holding, it is not necessary to reach appellant's alternative theory that "value" refers to equity interest.