**DALLAS CERAMIC COMPANY, Appellant,**

v.

**Dallas MORGAN, Appellee.**

**No. 49650.**

Supreme Court of Oklahoma.

Feb. 8, 1977.

2. See n.1, supra.

James R. Eagleton, Eagleton, Nicholson & Pate, Oklahoma City, for appellant.

Andrew L. Hamilton, Bay, Hamilton, Renegar, Lees & Spears, Oklahoma City, for appellee.

BARNES, Justice:

This is a case of first impression in Oklahoma. The single question presented for review is whether, in applying 31 O.S.1971, § 2, to determine the extent of the Appellee's real property exempted as his constitutional homestead, the Trial Court correctly construed "value" to mean fair market value less outstanding encumbrances. If so, Appellee's property fell within the statutory limitation and was exempt from execution by Appellant.

The pertinent facts are these: Appellant, Dallas Ceramic Company, sought to enforce a Texas judgment in the amount of $2,220.21, plus $750.00 attorney's fee, against the Appellee, Dallas Morgan. This judgment was properly filed pursuant to 12 O.S.1971, § 719 et seq., the Uniform Enforcement of Foreign Judgments Act. Thereafter, Appellant caused execution to issue, and Appellee's 1973 GMC Van was sold at Sheriff's sale May 6, 1974.

March 1, 1976, execution was directed to that portion of the following described real estate in excess of one-fourth of an acre, with house thereon, owned by Appellee in joint tenancy with his wife and consisting of .43 acres, situated in Oklahoma County, State of Oklahoma, to-wit:

Lots One (1) through Four (4), and Sixteen (16) through Nineteen (19) of Block 32 in Ravenswood Manor Addition, City of Oklahoma City, Oklahoma.

The above described property was encumbered with a mortgage held by Citizens National Bank of Edmond, Oklahoma, that had an outstanding unpaid balance of $7,600.00. The fair market value of the property had been appraised at $8,460.00.

The Trial Court ruled that since no portion of Appellee's property exceeded the homestead exemption of 31 O.S.1971, § 2, there was no interest subject to execution by Appellant. The court based its conclusion on the finding that the fair market value of the property ($8,460.00), less the outstanding encumbrances ($7,600.00), resulted in a figure of $860.00, which was less than the $5,000.00 homestead exemption provided in 31 O.S.1971, § 2.

Appellant brings this appeal contending the Trial Court erred in construing 31 O.S. 1971, § 2, to exclude all of Appellee's property from levy of execution by virtue of its exempt homestead status.

The statute involved in this appeal is 31 O.S.1971, § 2, which reads:

"The homestead of any family in this State, not within any city, town or village, shall consist of not more than one hundred and sixty acres of land, which may be in one or more parcels, to be selected by the owner. The homestead

within any city or town, owned and occupied as a residence only, shall consist of not exceeding one acre of land, to be selected by the owner: Provided, that the same shall not exceed in value the sum of five thousand dollars, and in no event shall the homestead be reduced to less than one-quarter of an acre, without regard to value: And Provided, Further, that in case said homestead is used for both residence and business purposes, the homestead interests therein shall not exceed in value the sum of five thousand dollars: Provided, that nothing in the laws of the United States, or any treaties with the Indian Tribes in the State, shall deprive any Indian or other allottee of the benefit of the homestead and exemption laws of the State: And Provided, Further, that any temporary renting of the homestead shall not change the character of the same, when no other homestead had been acquired."

The above statute is identical with the Oklahoma Constitution, Article XII, § 1, except that the constitutional provision uses the words "city, town or village" instead of "city or town", in the provision relating to the homestead consisting of not exceeding one acre.

Given the fact that Appellee possess .43 acres within the corporate limits of Oklahoma City, it is apparent that his real estate is subject to the $5,000.00 value limitation.

Appellant contends the word "value" as used in 31 O.S.1971, § 2, means the fair market value of the property without regard to an existing mortgage, whereas Appellee argues the term contemplates fair market value less outstanding encumbrances, i. e., the owner's equity in the property.

Appellant cites *Finerty v. First National Bank of Duncan*, 92 Okl. 102, 218 p. 859 (1923), which held that a judgment lien does not attach to the homestead, but does attach to the excess in quantity above the homestead protected from forced sale for the payment of debts, from the time the judgment is entered upon the docket. Appellant states *Finerty, supra,* did not define

the word "value" as used in 31 O.S.1971, § 2, and further states it has been unable to find any controlling cases as to the method of determining the "value" of the exempt homestead for purposes of the aforementioned statute.

Appellant relies on such cases as *Bullocks, Inc. v. Security First National Bank of Los Angeles*, 160 Cal.App.2d 277, 325 P.2d 185 (1958); *Katschor v. Eason Oil Co.*, 178 Okl. 634, 63 P.2d 977 (1937); *Durell v. Public Service Co. of Oklahoma*, 174 Okl. 549, 51 P.2d 517 (1935); and *Freeman v. Warrior*, 409 F.2d 1101 (10th Cir. 1969), as support for the proposition that "value" generally means "market value" and that the two terms are often considered synonymous and used interchangeably. However, from our review of these cases, we find them factually distinguishable as not being concerned with the constitutional homestead.

Contrary to Appellant's argument, we find the following cases from other jurisdictions highly persuasive on the one issue herein presented: *Barber v. Beckett*, 251 Ala. 569, 39 So.2d 17 (1949); *Franklin v. Comer*, 170 Ala. 229, 54 So. 430 (1911); *Sanne v. Sanne*, 167 Neb. 683, 94 N.W.2d 367 (1959); *Hawley v. Arnold*, 137 Neb. 238, 288 N.W. 823 (1939); *Everett v. Pape Bros. Inc.*, 269 Or. 575, 525 P.2d 996 (Or.1974); *Crosby v. Anderson*, 49 Utah 167, 162 P. 75 (1916); and *John Hancock Mutual Life Insurance Co. v. Wagner*, 174 Wash. 185, 24 P.2d 420 (1933). These jurisdictions have adopted the rule that "value" relative to a homestead exemption is derived by deducting existing encumbrances from the fair market value of the premises.

We think the statement of the Alabama Supreme Court in *Franklin v. Comer, supra,* involving a judgment creditor who levied execution on certain property to which the debtor filed homestead exemption, typifies the analysis applied in other jurisdictions:

"There being a valid and subsisting incumbrance on the homestead, the defendant had only an interest therein subject to said incumbrance, the amount of which was properly deducted from the value of said homestead; and if his interest, after

deducting the amount of the mortgage, did not exceed $2,000.00 in value, it was exempt from the payment of his debt."

In *Everett v. Pape Bros., Inc., supra,* the Oregon Supreme Court said in 1974:

"The usual rule is that in computing the value of property for the homestead exemption, encumbrances existing at the time the homestead is established are deducted from the value of the property in calculating value for purposes of the exemption. In other words, the maximum homestead exemption will be measured against the value of the debtor's equity rather than against the value of the property. * * *"

The reasoning behind the application of the aforementioned rule is set forth in *Crosby v. Anderson, supra,* in which the Utah Supreme Court said:

" * * * According to the authorities * * * (cases cited, the value of subsisting liens must be deducted from the gross value thereof, and if, after deducting such liens, the net value does not exceed the exemption allowed by law, the creditor may not interfere with the homestead. If such were not the law the claimant could not hold as exempt a homestead of the value stated in the statute, but could claim a homestead exemption only to the extent that the value exceeded the valid liens against it, and if such liens exceeded the value of his statutory exemption he would be allowed nothing. That is neither the law nor the spirit of statutes like ours. * * *"

Also in *Cross v. Commons,* 336 Mich. 665, 59 N.W.2d 41 (1953), it was said:

" * * * For substantial reasons of public policy, as well as individual and family benefits, we definitely held that in determining whether the value of the homestead exceeded the amount of the exemption provided by law, all mortgage encumbrances thereon must be deducted. * * *"

While there are a few cases contra, such as *In Re Herbert's Estate,* 122 Cal. 329, 54 P. 1109 (1898), we think the weight of authority supports the construction of "value"

applied by the Trial Court, such that no portion of the Appellee's claimed homestead was subject to execution by the Appellant. We, therefore, hold the homesteader's value, pursuant to 31 O.S.1971, § 2, is his equitable interest in the premises, i. e., the fair market value less outstanding encumbrances.

Affirmed.

All the Justices concur.