## In re Estelle M. GIARRIZZO, Debtor.

### Bankruptcy No. 90–41381.

United States Bankruptcy Court,
D. Massachusetts.

June 17, 1991.

Philip M. Stone, Kressler, Kressler & Pitnoff, Worcester, Mass., for debtor.

Ralph C. Copeland, Copeland & Hession, Wellesley, Mass., for A & J Realty.

## OPINION

JAMES F. QUEENAN, Jr., Chief Judge.

Massachusetts law grants to debtors the right to exempt $100,000 of the debtor's residence from judicial process; the exemption is available only if claimed through a declaration contained either in the debtor's deed or in a separately recorded instrument. Mass.Gen.L. ch. 188, §§ 1 and 2.[1]

---

1. Sections 1 and 2 of Mass.Gen.L. ch. 188 provided as follows as of the date of the filing of the Debtor's chapter 13 petition:

   *§ 1 Nature of Homestead Estate.*

   An estate of homestead to the extent of one hundred thousand dollars in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence. Said estate shall be exempt from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies except in the following cases:

   (1) sale of taxes;

   (2) for a debt contracted prior to the acquisition of said estate of homestead;

   (3) for a debt contracted for the purchase of said home;

   (4) upon an execution issued from the probate court to enforce its judgment that a spouse pay a certain amount weekly or otherwise for the support of a spouse or minor children;

   (5) where buildings on land not owned by the owner of a homestead estate are attached, levied upon or sold for the ground rent of the lot whereon they stand.

   For the purposes of this chapter, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in common; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his family; and provided further, that an estate of homestead may be acquired on only one principal residence for the benefit of a family. For the purposes of this chapter, the word "family" shall include either a parent and child or children, a husband and wife and their children, if any, or a sole owner.

The exemption is ineffective, however, with respect to debts contracted prior to the declaration of homestead. *Id.* As a result, parties who are not concerned about their creditors rarely claim the exemption and those who are find that it is too late to claim it, making the exemption somewhat reminiscent of the medical discharge parodied in the novel "Catch Twenty–Two." Estelle M. Giarrizzo (the "Debtor") had declared her homestead prior to incurring financial problems, only to face another obstacle. One of her creditors, A & J Realty Trust ("A & J"), asserts that the $100,000 exemption applies not to the Debtor's equity in her home but to the home's total value unreduced by the mortgage debt.

In her schedules filed with the court, the Debtor has assigned the home a fair market value of $140,000, subject to a mortgage of $89,100, leaving her an equity of $50,900. The Debtor contends that the $100,000 exemption applies to her equity interest, entirely exempting it. It is for this reason that she elected to claim exemption rights under the law of Massachusetts, which has not enacted legislation opting out of the federal exemption scheme. A & J has an $11,841.44 judgment lien on the property which under the Debtor's reading of the statute could be entirely avoided pursuant to § 522(f) as a judicial lien impairing the exemption. A & J, on the other hand, asserts that the $100,000 exemption applies to the entire $140,000 of value, leaving $40,000 of the Debtor's equity subject to its judgment lien.

The Massachusetts statutes grant the exemption "to the extent of one hundred thousand dollars." A & J points out that this is in contrast to the $7,500 exemption allowed under the Bankruptcy Code for the "debtor's aggregate *interest* in value" (emphasis supplied) of a residence. 11 U.S.C. § 522(d)(1) (1982). This language has been construed to refer to the debtor's equity interest after deduction of mortgage debt.

*In re Yates,* 13 B.R. 80 (Bankr.E.D.N.C. 1981); *In re Hulk,* 8 B.R. 444 (Bankr.D. Conn.1981); *In re Morgan,* 6 B.R. 701 (Bankr.M.D.Tenn.1980).

Legislative history on the Massachusetts statute is nonexistent, as is case law. A similar question under the Massachusetts statute exempting an automobile "not exceeding seven hundred dollars in value" was left unresolved in *Levin v. Mauro,* 425 F.Supp. 205 (D.Mass.1977) (exemption allowed in full for car valued at more than $700 prior to an encumbrance under debtor's alternative theory transferring car to trustee for sale but allowing debtors up to $700 in sales proceeds).

It is of course not unusual for a home to be heavily mortgaged. When it is, applying the exemption to total value means that the exemption is entirely or largely consumed by the mortgage. In the present case, such a reading of the statute would leave only $10,900 of the exemption available to the Debtor, so that most of the Debtor's $50,900 of equity could be reached by creditors. There is no reason to read the statute so restrictively. Exemption laws should be liberally construed in favor of the exemption. *E.g., Murray v. Zuke,* 408 F.2d 483, 487 (8th Cir.1969); *In re Pate,* 95 B.R. 102, 103 (Bankr.W.D.Ark. 1988); *In re Turner,* 44 B.R. 118, 119 (Bankr.W.D.Mo.1984). The overwhelming majority of decisions have accordingly interpreted state homestead exemption laws to apply to the value of equity rather than to total value. *E.g., In re Ellerstein,* 105 B.R. 214, 216 (Bankr.W.D.N.Y.1989); *In re Patten,* 71 B.R. 574, 575 (Bankr.N.D.1987); *In re Washington,* 41 B.R. 211, 216 (Bankr. E.D.Va.1984); *Everett v. Papê Bros.,* 269 Or. 575, 525 P.2d 996 (1974). *Contra: In re Herbert,* 122 Cal. 329, 54 P. 1109 (1898). The similar interpretation given to § 522(d)(1) is also relevant authority, notwithstanding reference in that statute to the "debtor's aggregate interest." A debt-

---

§ 2 *Mode of Acquisition.*

To acquire such estate of homestead, the fact that it is designed to be held as such shall be set forth in the deed of conveyance by which the property is acquired; or, after the title has been acquired, such design may be declared by a writing duly signed, sealed and acknowledged and recorded in the registry of deeds for the county or district in which the property is situated. The acquisition of a new estate of homestead shall defeat and discharge any such previous estate.

or has a beneficial interest in the entire value of his mortgaged home.

A separate order has accordingly issued overruling A & J's objection to the plan and voiding its judgment lien pursuant to § 522(f).