**In re Joseph J. CEMPELLIN and Adele Cempellin, Debtors.**

**Bankruptcy No. 94–15492–WCH.**

United States Bankruptcy Court, D. Massachusetts.

Dec. 6, 1994.

Kathleen P. Dwyer, Ardiff & Morse, Chapter 7 Trustee, Danvers, MA.

William F. Kahn, Beverly Farms, MA, for debtors.

## DECISION ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

WILLIAM C. HILLMAN, Bankruptcy Judge.

Kathleen P. Dwyer, the Chapter 7 Trustee ("Trustee") objected to the debtors' claim of a $92,000 exemption in their residence pursuant to M.G.L. c. 188, § 1. The objection was based upon the fact that the Declaration of Homestead names both of the debtors as declarants.

It appears that the debtors acquired the property in both of their names without any indication of the nature of their estates or indication of their marital state.[1] The lapse is corrected by M.G.L. c. 184 § 7 which provides that such a conveyance creates an estate in common.

■ Given, then, a tenancy in common in the home, what is the effect of the declaration of homestead which was filed jointly by the two debtors? The statute is not a model of clarity. As relevant here it provides:

"An estate of homestead ... may be acquired pursuant to this chapter by an owner or owners of a home ... who occupy or intend to occupy said home as a principal residence....

"For the purposes of this chapter, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in common; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his family; and provided further, that an estate of homestead may be acquired on only one principal residence for the benefit of a family."

M.G.L. c. 188 § 1.

The problem is caused by the use of the words "owner *or owners*" in the first portion of the section and the specific restriction to "only one owner" in the latter paragraph. The statute, simply stated, is internally inconsistent. The one case cited by the parties, *Atlantic Savings Bank v. Metropolitan*

---

1. The title reference on the quitclaim deed appears to indicate that the grantor and the grantees/debtors all had interests in the property prior to the conveyance. Since I have no evidence to the contrary, I will assume that this does not affect my conclusion as to the state of the title.

*Bank & Trust Co.,* 9 Mass.App.Ct. 286, 400 N.E.2d 1290 (1980) does not cast any light.

I believe the controlling principle should be that of construing the law liberally in favor of the exemption. *In re Giarrizzo,* 128 B.R. 321, 322 (Bankr.D.Mass.1991).

There is no doubt that, had Mrs. Cempellin not joined in the declaration, a valid declaration of homestead would have been made by Mr. Cempellin. That election should be preserved and the addition of Mrs. Cempellin's name and declaration regarded as what it is fact is, a legal nullity.

The Trustee's objection is overruled.