**In re Michael P. ROGALIN, Debtor.**

**Bankruptcy No. 95–15464–TS.**

United States Bankruptcy Court,
W.D. Oklahoma.

Feb. 16, 1996.

John T. Hardeman, Trustee, Oklahoma City, Oklahoma.

Michael P. Rogalin, Oklahoma City, Oklahoma, Pro Se.

**254**

## ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

JOHN TeSELLE, Bankruptcy Judge.

On September 19, 1995, Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On October 5, 1995, Debtor filed the required Schedule C—Property Claimed as Exempt, in which he claimed as exempt his homestead property located in the Putnam Heights Addition to Oklahoma City. According to Debtor's schedules, the homestead is valued at $65,-000, and is subject to two mortgages totaling $62,068.52.[1]

On December 14, 1995, Trustee timely objected to Debtor's claimed homestead exemption, asserting the property exceeded ¼ acre and was located within the city limits of Oklahoma City. Trustee thus sought a determination that the portion of Debtor's homestead exceeding ¼ acre was non-exempt. In response, Debtor conceded the property was approximately ⅛ acre, but argued that Oklahoma law allows exemption of up to one acre for homestead within the city limits if its value does not exceed $5,000.

On January 30, 1996, the Court conducted a hearing on this issue, during which Debtor, *pro se*,[2] and counsel for Trustee presented arguments and authorities. At the conclusion of the hearing the Court took the matter under advisement. Having reviewed the applicable law and having considered the arguments of the parties, the Court rules as follows.

### Applicable Law and Discussion

Debtor's homestead occupies approximately ⅛ acre within the city limits of Oklahoma City. The Oklahoma homestead exemption statute provides for the exemption of ¼ acre within a city or town, regardless of value.[3] If the value of such homestead does not exceed $5,000, the exempt homestead can consist of up to one acre.[4]

The issue raised is whether the term "value", as used in the statute, refers to the actual value of the homestead property, or only to Debtor's equity in the property. While the Oklahoma Supreme Court has squarely addressed this issue, the question appears to be one of first instance in the bankruptcy courts in this state.

In *Dallas Ceramic Co. v. Morgan*, the only published opinion on this issue,[5] the Oklahoma Supreme Court held that "the homesteader's value, pursuant to 31 O.S. 1971, § 2, is his equitable interest in the premises, i.e., the fair market value less outstanding encumbrances." 560 P.2d 197, 200 (Okla.1977).[6] Applying the holding of *Dallas*

1. The first mortgage, with a principal balance of $42,068.52, is held by PNC Mortgage Corporation, and the second mortgage, with a principal balance of $20,000 is held by William and Paula Rogalin.

2. Though Debtor appeared *pro se* in this case, he is a licensed attorney in Oklahoma.

3. Oklahoma law provides that:
   A. Except as otherwise provided in this title and notwithstanding subsection B of this section, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided: 1. The home of such person, provided that such home is the principal residence of such person....
   Okla.Stat. tit. 31, § 1(A)(1).

4. In addressing the homestead exemption more specifically, the statute provides that:

The homestead within any city or town, owned and occupied as a residence only, shall consist of not exceeding one (1) acre of land, to be selected by the owner: Provided, that the same shall not exceed in value the sum of Five Thousand Dollars ($5,000.00), and in no event shall the homestead be reduced to less than one-quarter (¼) of an acre, without regard to value....
Okla.Stat. tit. 31, § 2.

5. For an article discussing the *Dallas Ceramic* case, *see* Steven M. Dickey, *Forcing the Defendant to Select his Exempt Urban Homestead During General Execution*, 63 O.B.J. 905, 906 (March 28, 1992).

6. This holding is consistent with "every modern decision ... in adopt[ing] the view that the homestead amount is part of the homeowner's equity and not part of the value subject to the mortgage." *See Mercier v. Partlow*, 149 Vt. 523, 526, 546 A.2d 787, 789 (Vt.1988), and cases cited therein.

*Ceramic* to this case, where Debtor represents that the value of his homestead is $65,000,[7] and represents that the encumbrances thereon total $62,068.52, the "value" of Debtor's homestead is $2,931.48. As this amount does not exceed $5,000, it would appear that Debtor's homestead property is exempt in its entirety, and Trustee's objection should be overruled. However, the only evidence before the Court regarding the value of Debtor's homestead and the principal balances on the two mortgages was contained in Debtor's pleadings. At the hearing, Trustee requested additional time to investigate Debtor's representations regarding value. The Court will grant Trustee twenty-one (21) days from the date of this Order in which to complete such investigation and seek reconsideration of this Order, should the investigation reveal credible evidence that the value of Debtor's equity in his homestead exceeds $5,000.

### Decision

Based upon the foregoing, Debtor's homestead is exempt in its entirety, and Trustee's objection thereto is overruled. Trustee is granted twenty-one days from the date of this Order in which to seek reconsideration of this ruling if, after investigation, Trustee desires the opportunity to present credible evidence that the value of Debtor's equity in his homestead property exceeds $5,000.

IT IS SO ORDERED.

---

**7.** Debtor supplied an appraisal dated June 6, 1989, stating the market value of his homestead was $60,000.