### In re Robert J. BRUNO, Debtor.

**Susan K. Walton, Chapter 7 Trustee, Plaintiff,**

v.

**Robert J. Bruno, Individually and as Trustee of KAB Realty Trust, and Carla M. Bruno, Individually and as Trustee of KAB Realty Trust, Defendants.**

**Bankruptcy No. 96–45798.**

**Adversary No. 97–4255.**

United States Bankruptcy Court, D. Massachusetts.

Oct. 3, 2000.

Jeffrey Ganz, Reimer & Braunstein, Boston, MA, for Susan K. Walton, Chapter 7 Trustee.

Robert V. Eberle, Saugus, MA, for Robert J. Bruno, Individually and as Trustee of KAB Realty Trust, and Carla M. Bruno, Individually and as Trustee of KAB Realty Trust.

### JUDGMENT ON REMAND

JOEL B. ROSENTHAL, Bankruptcy Judge.

On remand from the United States Bankruptcy Appellate Panel for the First Circuit, BAP No. MW 99–110.

The sole issue before this Court is to determine the nature of the interest held by Robert J. Bruno ("Debtor") and his spouse, Carla J. Bruno ("Bruno") in real property, located at 6 Wildflower Lane, Weston, Massachusetts ("Property"), as held by the KAB Realty Trust ("Trust"). Judge Queenan previously found that only the Debtor and Bruno held beneficial interests in the Property, but not their children as set forth on the Schedule of Beneficial Interests. (*See* Plaintiff's Ex. 7). No appeal was taken from that decision, and thus Judge Queenan's ruling on that issue is binding on this Court.

Under § 7 of Chapter 184 of the Massachusetts General Laws the Debtor has the burden of proving that a tenancy by the entirety exists. Mass.Gen.Laws ch. 184, § 7. *See Eliot Discount Corp. v. Dame,* 473 N.E.2d 711, 715, 19 Mass.App. Ct. 280, 285 (1985) (stating party making statutory claim bears burden of proving all statutory elements). Thus pursuant to the language of § 7, to prove that a tenancy by the entirety existed as between the Debtor and Bruno, the Debtor must show that he and Bruno (1) were legally spouses; (2) who took by an instrument creating their interests; (3) that expressly stated they took as tenants by the entirety. Mass. Gen.Laws ch. 184, § 7. *See Fuss v. Fuss,* 368 N.E.2d 276, 279, 373 Mass. 445, 450 (1977).

In the case before this Court, neither the Debtor nor Bruno presented any evidence of an instrument conveying the interest to them, much less an instrument that expressly stated they took as tenants by the entirety. Indeed, neither the deed conveying the Property to Bruno, nor the instrument creating the Trust, state the nature of the interest of the Debtor or Bruno. (*See* Defendant's Ex. 1; Plaintiff's Ex. 2.) On the contrary, the Schedule of Beneficiaries reflects that non-spousal parties would share in the interest, thus rendering a tenancy by the entirety legally impossible under § 7 of Chapter 184. *See* Mass.Gen.Laws ch. 184, § 7 (requiring parties to tenancy by the entirety to be legally married); *see also Fuss,* 368 N.E.2d at 279, 373 Mass. at 450 (stating conveyance as tenants by the entirety to unmarried persons creates tenancy in common). Although Judge Queenan found the Debtor and Bruno had interests in the Property as the sole co-owners, there was no evidence of a transaction from which the Court can find an express grant to the Debtor and Bruno as tenants by the entirety as required by the terms of § 7 of Chapter 184.

The Court therefore finds and rules that the Property is held by the Debtor and Bruno as tenants in common. Mass.Gen. Laws ch. 184, § 7; *see In re Cempellin,* 175 B.R. 1, 1 (Bankr.D.Mass.1994).